# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., § § § § *Plaintiffs,* § § v. § § APPLE, INC., CAPITAL ONE, N.A., § CAPITAL ONE SERVICES, LLC, § FROST BANK, and § CULLEN/FROEST BANKERS, INC., § § *Defendants.* § | | Civil Action No. 4:25-cv-230 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Apple Inc.'s Motion to Dismiss (Dkt. #39), Frost Bank and Cullen/Frost Bankers, Inc.'s Motion to Dismiss Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Complaint for Patent Infringement (Dkt. #41), and Capital One Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #44). Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **DENIED as moot**.

### BACKGROUND

This is a patent case in which Plaintiffs allege that Defendants infringed on five patents: U.S. Patent Nos. 8,924,192 (the "'192 Patent"); 9,298,864 (the "'864 Patent"); 9,971,678 (the "'678 Patent"); 10,353,811 (the "'811 Patent"); and 10,691,579 (the "'579 Patent") (collectively, the "Asserted Patents") (Dkt. #1 at ¶¶ 68–101). The Asserted Patents disclose systems for mobile application development, testing, and distribution, including network and device simulation as well as online marketplaces for content distribution and revenue sharing (*See* Dkt. #1; Dkt. #1-2;

Dkt. #1-3; Dkt. #1-4; Dkt. #1-5; Dkt. #1-6). Plaintiffs allege that Defendants infringed on its patents through the creation, use, and distribution of Apple's Xcode software, as well as the use of Xcode and Google's Android Studio in an infringing manner (Dkt. #1 at ¶¶ 107–12, 120–190). Defendants seek to dismiss Plaintiffs' Complaint on the grounds of improper venue and under Rule 12(b)(6) (Dkt. #39; Dkt. 41; Dkt. #44).

On March 6, 2025, Plaintiffs filed their Original Complaint, asserting claims for direct and indirect infringement of the Asserted Patents (Dkt. #1). On July 25, 2025, Defendant Apple filed its Motion to Dismiss under Rule 12(b)(3) (Dkt. #39). Also on July 25, 2025, Defendants Capital One, Frost Bank, and Cullen/Frost Bankers filed Motions to Dismiss under Rule 12(b)(6) (Dkt. #41; Dkt. #44). On August 8, 2025, Plaintiffs filed Responses to all of the Motions to Dismiss (Dkt. #50; Dkt. #51; Dkt. #52). On August 15, 2025, Plaintiffs filed their First Amended Complaint (Dkt. #55). The Motions are now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence

submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3). It has been held "as a matter of Federal Circuit law that, upon motion by the [d]efendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not

permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Plaintiffs filed their First Amended Complaint after Defendants filed their Motions to Dismiss (Dkt. #39; Dkt. #41; Dkt. #44; Dkt. #55). Accordingly, the Court finds that it should deny Defendants' Motions as moot. *See, e.g.*, *Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019) ("the filing of an amended complaint moots a motion to dismiss the original complaint").

## CONCLUSION

It is therefore **ORDERED** that Defendant Apple Inc.'s Motion to Dismiss (Dkt. #39), Frost Bank and Cullen/Frost Bankers, Inc.'s Motion to Dismiss Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Complaint for Patent Infringement (Dkt. #41), and Capital One Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #44) are hereby **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE