IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 4:25-cv-00230 |
| APPLE INC., CAPITAL ONE, N.A., CAPITAL ONE SERVICES, LLC, FROST BANK, and CULLEN/FROST BANKERS, INC. | § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**JOINT RULE 26(F) CONFERENCE REPORT**

The parties in the above-captioned case have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings ("Order") and file this joint report.

The Rule 26(f) conference was held on September 24, 2025. Leslie Payne and Alden Harris participated on behalf of Wapp Tech Limited Partnership and Wapp Tech Corp. ("Wapp" or "Plaintiffs"). Brianne Sullivan and Michael Bowlus participated on behalf of Apple Inc. ("Apple"). Tom Gorham, Rachel Cohen, and Tiffany Weston participated on behalf of Capital One, N.A. and Capital One Services, LLC ("Capital One"). Morgan Mayne participated on behalf of Frost Bank and Cullen/Frost Bankers, Inc. ("Frost").

1. **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B.**

**Plaintiff's position:** Plaintiffs' proposed schedule is attached as **Exhibit 1A**. There are two differences between Plaintiffs' schedule and Defendants' schedule.

1

*First*, Defendants have removed the trial from the schedule. Defendants have not explained why they removed it. Given that the Court's default schedule includes an entry for trial, it should be included.

*Second*, Defendants added deadlines requiring Wapp to aggressively limit its asserted claims very early in the case. Wapp has told Defendants it is open to discussing a narrowing schedule, but Defendants' schedule is far too aggressive and is prejudicial to Wapp. Defendants' proposal would require major narrowing before claim construction even begins and while discovery is still in the early stages. Defendants' proposal is *far* more aggressive than the EDTX Model Order Focusing Patent Claims and Prior Art.[1] The Model Order requires the Plaintiff to narrow to 32 asserted claims at the close of P.R. 4-4 claim construction discovery, whereas Defendants' proposal would require Wapp to narrow to 32 claims about *four months prior* to the P.R. 4-4 deadline, and would further require Wapp to get down to 16 claims on December 29, 2025, before the claim construction process has even started and more than two months before the P.R. 4-4 claim construction discovery deadline. This is not workable. Wapp therefore opposes Defendant's attempt to unilaterally impose a narrowing schedule. Wapp reiterates that it is willing to work with Defendants on a more reasonable narrowing schedule similar to the one contemplated in the Model Order.

**Defendants' position:**  The defendants' propose the scheduling order attached as **Exhibit 1B**. Plaintiffs have asserted the patents-in-suit in at least four prior litigations, including through trial, and have received at least four sets of invalidity contentions. This Court has also construed more than 15 terms across the four litigations. Wapp should know which of its more than 200 claims it intends to assert against each of the defendants at their respective trials.  Narrowing the

---

[1] https://www.txed.uscourts.gov/sites/default/files/forms/ModelPatentOrder.pdf

claims and prior art before claim construction increases efficiencies for the parties and this Court. Wapp has not provided an alternative proposal for focusing the claims and prior art for this proceeding. Additionally, Defendants elected not to include a placeholder for a trial date in light of the Court's general practice of setting a trial date later in the proceedings and the parties' dispute regarding separate trials. Defendants' proposal includes the following dates for focusing claims and prior art:

- November 6, 2025: Plaintiffs shall assert no more than 10 claims per patent and no more than 32 claims total.

- December 29, 2025: Plaintiffs shall serve Final Election of Asserted Claims, which shall assert no more than 16 total claims.

- January 19, 2026: Defendants shall serve Final Election of Asserted Prior art with no more than 6 prior art references per patent and no more than 20 references total. For the purposes of this case, a prior art instrumentality and associated references that describe such instrumentality shall count as one reference. Any background or state of the prior art references, including references used to support a motivation to combine or used in connection with subject matter invalidity contentions to show that concepts were well known or conventional, do not count against the number of total references.

    a. **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

The parties agree that they will let each other know if they believe claim construction experts are needed no later than December 11, 2025.

    b. **The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed.**

The parties will continue to discuss whether a claim construction pre-hearing conference is necessary.

2. **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

The parties will continue to discuss whether mediation is appropriate and, if so, the appropriate timing for any mediation.

**3. What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The parties agree to the following modifications on discovery set forth in the Order Governing Proceedings (Dkt. No. 56):

    a. **Interrogatories.**

        i. Each side[2] may collectively serve up to 5 common interrogatories on the other side.

        ii. Wapp may serve up to 20 individual interrogatories on each of Apple, Capital One, and Frost.

        iii. Apple, Capital One, and Frost may each serve up to 20 individual interrogatories on Wapp.

    b. **Requests for Admission.**

        i. Each side may collectively serve up to 5 common RFAs on the other side.

        ii. Wapp may serve up to 25 individual RFAs on each of Apple, Capital One, and Frost.

        iii. Apple, Capital One, and Frost may each serve up to 25 individual RFAs on Wapp.

---

[2] As in the Order Governing Proceedings, a "side" means "a party or a group of parties with a common interest." In this case there are currently two sides: (1) Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. and (2) Defendants Apple Inc.; Capital One, N.A.; Capital One Services, LLC; Frost Bank; and Cullen/Frost Bankers, Inc.

    iv.    The parties may serve unlimited requests for admissions for authentication of documents and things, evidentiary admissibility, public availability, or dating of documents and other evidence, provided that such requests for admission are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated.

**c. Fact Depositions of Parties and Third Parties.**

    i.    For each defendant, Wapp shall take up to 50 hours of fact deposition testimony, including depositions under Rule 30(b)(6), of that defendant and persons within that defendant's control.

        a.  **Plaintiff's position:** The Court should not impose a numerical limit on the number of witnesses whose depositions may be taken. Under Fed. R. Civ. P. 30(a)(2)(A)(i), Wapp would normally be entitled to take 70 hours of depositions per defendant. Here, Wapp has agreed to an even more conservative limit of 50 hours per defendant. There is no need to also impose a limit on the number of witnesses given the conservative time limit.

        b.  **Defendants' position:** Wapp should be limited to depositions of no more than 10 witnesses, including depositions under Rule 30(b)(6), of each defendant and persons within that defendant's control. Defendant's proposal is consistent with Federal Rules of Civil Procedure 30(a)(2)(A)(i), which requires leave of court for more than 10 depositions.

      ii. To the extent Wapp takes the deposition of a third party, that deposition shall not be counted against Wapp's time limit for each defendant.

      iii. Apple, Capital One, and Frost may each take up to 50 hours of fact deposition testimony, including depositions under Rule 30(b)(6), of Wapp. Apple, Capital One, and Frost shall jointly depose Donavan Poulin for no more than 14 total hours in his individual capacity. If Mr. Poulin is designated as a 30(b)(6) representative for Wapp, then Apple, Capital One, and Frost shall jointly depose Mr. Poulin for no more than 14 additional hours. Time for such joint depositions shall be counted against each defendant's time limit.

      iv. To the extent Apple, Capital One, and/or Frost takes the deposition of a third party, that deposition shall not be counted against any defendant's time limit.

      v. The parties reserve the right to request the Court enlarge the limits on fact depositions if warranted based on discovery.

      vi. Each side may take depositions on written questions of custodians of business records of third parties and such depositions shall not count against any of the deposition limits herein or in Fed. R. Civ. P. 30(a)(2)(A)(i).

    **d. Third Party Discovery.**

Third party responses to subpoenas and third-party documents received by a party shall be provided to all other parties within 3 business days of receipt.

    **e. Expert Witnesses.**

Technical expert depositions are limited to 2.5 hours per patent per report with a maximum of 10 hours per expert. A party, however, shall be permitted to depose a technical expert for at least 7 hours, regardless of the number of patents and reports. Any technical expert who submits a declaration in support of a party's claim construction positions is subject to a limit of 7 hours of deposition related to the claim construction declaration. Non-technical experts (e.g., damages experts) are limited to a maximum of 7 hours of deposition.

Depositions of experts do not count towards the deposition time limits prescribed in subsection c above.

**4. The identity of persons expected to be deposed.**

Plaintiffs disclose the following persons that they expect to depose: Defendants; individuals at Defendants having knowledge of technical, financial, and corporate affairs concerning the accused products.

Defendants disclose the following persons whom they expect to depose: (i) Plaintiffs' representatives; (ii) named inventor Donavan Paul Poulin ("Mr. Poulin") and entities for which Mr. Poulin is/was a member, employee, and/or controls; (iii) individuals associated with Plaintiffs having knowledge about the conception, reduction to practice, inventorship, prosecution, and invalidity of the Patents-in-Suit, prosecution of the Patents-in-Suit and related foreign and U.S. patents and patent applications, ownership of the Patents-in-Suit, and licensing of the Patents-in-Suit; (iv) individuals associated with Plaintiffs with knowledge of technical, marketing, and financial affairs, (v) individuals associated with Plaintiffs' knowledge of design and development of Plaintiffs' prior products, if any, (vi) third parties concerning the technical aspects and operation of accused products; (vii) prior defendants in cases brought by Plaintiffs asserting any of the Patents-in-Suit, (viii) prior and current parties in cases involving Mr. Poulin and entities for which

Mr. Poulin is a member, employee, and/or controls, including without limitation T&C IP Consultants, LLC, Adobe Systems, Inc., Think Village-Kiwi, LLC, Kiwi International, Paul Jonjak, XBO, LLC, Seattle SpinCo, Inc., and EntIT Software LLC; (ix) prior and current business partners of Mr. Poulin; and (x) authenticity, publication, date, and other facts related to applicable prior art systems and references.

5. **Any issues relating to disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section E - Mandatory Disclosures).**

The parties are negotiating a proposed E-Discovery Order, and will submit it to the Court promptly.

6. **Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties certify they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe that a preservation order is necessary.

7. **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).**

The parties are negotiating a modified protective order, and will submit it to the Court promptly.

8. **Estimated trial time.**

**Plaintiffs' position:** Trial will require 8 days or approximately 22 hours per side. This trial will include all defendants. Defendants' request for separate trials is premature at this stage of the case. Plaintiff is willing to revisit this topic with Defendants when the case gets closer to trial.

**Defendants' position:** Each defendant, Apple, Capital One, and Frost Bank, will have a separate trial and estimates that each trial will require 5 days or approximately 14 hours per side.

8

A joint trial will be unduly prejudicial for defendants as each use the accused products in a different way.  Additionally, each defendant independently developed their products and will have unique witnesses and documents.  Defendants believe this dispute may require separate briefing.

9. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Plaintiffs expect that Leslie Payne and Alden Harris of Heim, Payne & Chorush LLP will attend the Case Management Conference on their behalf.

Defendants expect that Melissa Smith (Apple and Capital One), Brianne Bharkhda Sullivan and Michael Bowlus (Apple), Matthew Moore and Rachel Cohen (Capital One), and Morgan Mayne (Frost Bank) will attend the Case Management Conference on their respective parties' behalf.

10. **Any other matters counsel deem appropriate for inclusion in the joint conference report.**

(a) The parties have agreed to accept service by email on counsel of record.  The parties further agree that depositions may be taken by remote videoconference rather than in person and the noticing party decides whether the deposition will be remote or in person. If a deponent is on camera in a remote deposition, the deposing attorney must also be on camera. An attorney defending such a deposition can choose how to attend/defend the deposition (*e.g.*, appear in person or via videoconference), as may any other attorney who wishes to appear at that deposition.

(b) The parties agree that the preparation and exchange of privilege logs is a costly and burdensome exercise. Accordingly, with regard to Section J of the Order Governing Proceedings, the parties stipulate that they shall not, as a general matter, be obligated to exchange privilege logs. If a dispute arises where a party believes that the production of a privilege log limited in scope (e.g., based on a particular topic or addressing a particular event) would be appropriate, this

9

provision does not prevent a party from seeking an order on good cause for a privilege log covering communications within the disputed scope prior to the filing of the Complaint in this Action. Nothing herein overrides any requirement in the Protective Order to prepare a privilege log regarding documents that have been inadvertently disclosed.

The parties shall not be required to provide a privilege log for privileged and/or work product materials generated after the filing of this lawsuit. Wapp Tech and Apple shall not be required to provide a privilege log for privileged and/or work product materials generated in anticipation of or during the following litigations:

- *Wapp Tech Ltd. P'ship et al. v. Micro Focus International PLC*, 4-18-cv-00469 (E.D. Tex. 2018)
- *Wapp Tech Ltd. P'ship et al. v. Hewlett-Packard Enter. Co.*, No. 4-18-cv-00468 (E.D. Tex. 2018)
- *Wapp Tech Ltd. P'ship et al. v. Wells Fargo & Co.,* No. 4-18-cv-00501 (E.D. Tex. 2018)
- *Wapp Tech Ltd. P'ship et al. v. Bank of America Corp.*, No. 4-18-cv-00519 (E.D. Tex. 2018)
- *Seattle SpinCo, Inc. et al. v. Wapp Tech Ltd. P'ship et al.,* 1-18-cv-01585 (D. Del. 2018)
- *Wapp Tech Ltd. P'ship et al. v. Wells Fargo Bank, N.A.*, 4-21-cv-00671 (E.D. Tex. 2021)
- *Wapp Tech Ltd. P'ship et al. v. Bank of America, N.A.*, 4-21-cv-00670 (E.D. Tex. 2021)
- *Wapp Tech Ltd. P'ship et al. v. JPMorgan Chase Bank, N.A.*, 4:23-cv-1137 (E.D. Tex. 2024).

Wapp Tech shall produce in this litigation any relevant privilege log(s) that were served or produced in any of the above litigations, to the extent such privilege log(s) are in Wapp Tech's and/or Mr. Poulin's possession, custody, or control.

(c) Expert Discovery: (i) The parties further agree that testifying expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject

to discovery in this case. (ii) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. (iii) No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. (iv) Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. (v) This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4). (vi) Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert in formulating opinions that are presented in reports, trial or deposition testimony in this case. In that event, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to and relied upon by the testifying expert and the basis for such information.

(d) Inadvertent Production: (i) Nothing in this Order shall require production of documents, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. (ii) If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. (iii) Any party that inadvertently or

unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request destruction of such documents, information or other material by promptly notifying the recipient(s). (iv) The recipient(s) shall delete and destroy all copies of such documents, information or other material within two (2) days and confirm the deletion or destruction to the producing party. For purposes of this Order, privileged information that is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(1)(B) because it is stored by the receiving party on backup storage media is deemed to be sequestered. Should such data be retrieved, the receiving party must promptly take steps to destroy or delete the restored privileged information. (v) This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver.

Dated: October 17, 2025

Respectfully submitted,

/s/ *Alden G. Harris*
  Leslie V. Payne
  State Bar No. 0784736
  lpayne@hpcllp.com
  R. Allan Bullwinkel
  State Bar No. 24064327
  abullwinkel@hpcllp.com
  Alden G. Harris
  State Bar No. 24083138
  aharris@hpcllp.com
  Christopher L. Limbacher
  State Bar No. 24102097
  climbacher@hpcllp.com
  Carlos I. Ruiz
  State Bar No. 24110614
  cruiz@hpcllp.com
  HEIM PAYNE & CHORUSH, LLP
  609 Main Street, Suite 3200
  Houston, Texas 77002
  Telephone: (713) 221-2000
  Facsimile: (713) 221-2021

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.**

By: /s/ *Michael Bowlus*

Indranil Mukerji
Ranganath Sudarshan
Brianne Bharkhda Sullivan (*pro hac vice*)
Matthew Kudzin (*pro hac vice* forthcoming)
John Veiszlemlein (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
imukerji@cov.com
rsudarshan@cov.com
bsullivan@cov.com
mkudzin@cov.com
jveiszlemlein@cov.com

Michael E. Bowlus
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Ste. 5400
San Francisco, CA 94105
(415) 591-6000
mbowlus@cov.com

*Attorneys for Defendant Apple Inc.*

By: Rachel L. Weiner Cohen

Matthew J. Moore
  D.C. Bar No. 453773
Gabriel K. Bell *(pro hac vice)*
  D.C. Bar No. 987112
Rachel L. Weiner Cohen *(pro hac vice)*
  D.C. Bar No. 1000414
Tiffany C. Weston
  D.C. Bar No. 1720987
Jorge F. Morales
  D.C. Bar No. 90035871

LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
matthew.moore@lw.com
gabriel.bell@lw.com
rachel.cohen@lw.com
tiffany.weston@lw.com
jorge.morales@lw.com

John K. Svendsen *(pro hac vice)*
  NY Bar No. 6001895
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
john.svendsen@lw.com

Brian Kim *(pro hac vice)*
  CA Bar No. 357934
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
(415) 391-0600
brian.kim@lw.com

*Attorneys for Defendants Capital One, N.A. and Capital One Services, LLC*

Melissa R. Smith
Texas State Bar No. 24001351
GILLIAM & SMITH LLP
3030 S. Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

*Attorney for Defendants Apple Inc., Capital One, N.A., and Capital One Services, LLC*

By: /s/ *Morgan G. Mayne*

Morgan G. Mayne
Bar No. 24084387

morgan.mayne@bakerbotts.com
Christa Brown-Sanford
Bar No. 24045574
christa.sanford@bakerbotts.com
Douglas M. Kubehl
Bar No. 00796909
doug.kubehl@bakerbotts.com
Emily Deer
Bar No. 24116352
emily.deer@bakerbotts.com
Alexis Robison
Bar No. 24137217
alexis.robison@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6500
(214) 661-6503 – Fax

*Attorney for Defendants Frost Bank and Cullen/Frost Bankers, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have been served with a copy of the foregoing document on October 17, 2025 via the Court's CM-ECF system.

*/s/ Alden G. Harris*
Alden G. Harris
