# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:25-cv-230 |
| | § | Judge Mazzant |
| APPLE INC., CAPITAL ONE, N.A., CAPITAL ONE SERVICES, LLC, FROST BANK, and CULLEN/FROST BANKERS, INC., | § § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Apple Inc.'s Motion to Stay Non-Venue Proceedings Against Apple Pending Resolution of Motion to Dismiss for Improper Venue (the "Motion") (Dkt. #134). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

### I.    Factual Background

This is a patent infringement case. On March 6, 2025, Plaintiffs WAPP Tech Limited Partnership and WAPP Tech Corp. (collectively, "Plaintiffs" or "WAPP") filed this action asserting that Defendant Apple Inc. ("Defendant" or "Apple"), among others, has and continues to infringe at least five patents: (1) U.S. Patent No. 8,924,192; (2) U.S. Patent No. 9,298,864; (3) U.S. Patent No. 9,971,678; (4) U.S. Patent No. 10,353,811; and (5) U.S. Patent No. 10,691,579

(collectively, the "Patents-in-Suit") (Dkt. #1 at ¶ 68).[1] On July 25, 2025, Defendant moved to dismiss Plaintiffs' complaint against it on the grounds that venue in the Eastern District of Texas is improper under the patent venue statute, 28 U.S.C. § 1400, because Defendant has no regular and established place of business in this district (Dkt. #39 at p. 1). On August 15, 2025, in response to Defendant's motion to dismiss, Plaintiffs filed their First Amended Complaint (Dkt. #55), which is now the operative complaint in this case. On September 5, 2025, Defendant filed a renewed motion to dismiss for improper venue raising the same arguments as it did in its prior motion to dismiss (Dkt. #62). Defendants Capital One, N.A., Capital One Services, LLC, Frost Bank, and Cullen/Frost Bankers, Inc. (collectively, the "Bank Defendants") have not challenged venue.

## II.    Procedural History

### A.    Venue Related Proceedings

As mentioned above, Apple is the only named Defendant to challenge venue in this Court, and thus the parties negotiated and agreed to various deadlines and limits for venue discovery (*See* Dkt. #134 at p. 7; Dkt. #140 at p. 4). On September 5, 2025, Plaintiffs filed an unopposed motion to take venue discovery related to Defendant's forthcoming Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. #58). The parties' agreed venue discovery order set the close of venue discovery for November 4, 2025, and briefing on Defendant's motion to dismiss for improper venue was set to conclude with the sur-reply on December 30, 2025 (Dkt. #58 at p. 1). The parties' agreed order also stated that "[t]he foregoing venue-related discovery shall not count against the parties'

---

[1]    In their complaint, Plaintiffs also assert that Defendants Capital One, N.A., Capital One Services, LLC, Frost Bank, and Cullen/Frost Bankers, Inc. have and continue to infringe the Patents-in-Suit (*See* Dkt. #1). The Bank Defendants, however, have not challenged the appropriateness of venue in this Court; instead, Apple is the sole Defendant to challenge venue in this case (Dkt. #134 at p. 6). Thus, for the purposes of this Memorandum Opinion and Order only, when the Court uses the term "Defendant" it refers only to Apple.

non-venue-related discovery limits . . . nor shall venue-related discovery affect the timing of non-venue-related discovery" (Dkt. #58 at p. 2). On September 18, 2025, the Court entered an order granting the parties' agreed venue discovery order without any modification (*See* Dkt. #66). Shortly thereafter, Plaintiffs served Defendant with its venue-related requests for production, interrogatories, and Rule 30(b)(6) notice in accordance with the terms of the Court's then-operative venue discovery order (Dkt. #140 at p. 5). However, prior to the close of venue discovery, the parties had a discovery dispute related to, *inter alia*, Defendant's responses to its venue-related interrogatories (*See* Dkt. #140 at p. 5 (alleging that Defendant refused to provide information about the work its employees do in the Eastern District of Texas)). The parties met and conferred but were unable to resolve their discovery dispute (Dkt. #140 at p. 5). On November 5, 2025, the Court held a hearing on the parties' discovery dispute during which it compelled Defendant to supplement its responses to certain venue-related interrogatories (*See* Minute Entry, Nov. 5, 2025).[2]

On November 19, 2025, the parties filed a Joint Motion for Extension of Time for Venue Discovery, requesting an extension for venue discovery and an extension of Defendant's deadline to comply with the Court's order regarding Plaintiff's motion to compel certain venue-related discovery (Dkt. #100 at p. 1). The parties' joint motion also represented to the Court that this extension "will not impact any non-venue-related deadlines" (Dkt. #100 at p. 1). On November 20, 2025, the Court granted the Joint Motion for Extension of Venue Discovery and ordered that venue discovery was now set to close on January 23, 2026, and briefing on Defendant's motion to dismiss

---

[2]  Specifically, the Court ordered Defendant to provide, among other things, the following: (1) identification of all the employees in the Eastern District of Texas and their roles; (2) identification of all the stores in the Eastern District of Texas that are designated as "anchor stores"; and (3) the "design kits" for three identified Dallas-area Apple stores (*See* Minute Entry, Nov. 5, 2025).

for improper venue was now set to conclude with the sur-reply on April 3, 2026 (Dkt. #101 p. 1). Despite the extension, the parties' discovery dispute regarding Defendant's responses to the venue-related interrogatories continued (*See* Dkt. #140 at p. 5 (arguing that Defendant failed to comply with the Court's November 5 Order compelling venue discovery, for example, by refusing to disclose information about Defendant's contractors who merchandise Apple Shops in the Eastern District of Texas)).

On January 15, 2026, the Court held yet another hearing to address the parties' venue-related discovery issues in the case (*See* Minute Entry, Jan. 15, 2026). During the hearing, the Court compelled Defendant to identify all the third-party contractors, known as "brand advocates," who visit the Apple Shops located in the Eastern District of Texas, finding that this information is relevant to determining whether venue in this Court is proper (*See* Minute Entry, Jan. 15, 2026). On January 28, 2026, the parties filed a Joint Motion for Extension of Time for Venue Discovery, moving the Court for another extension for venue discovery and to establish a deadline for Defendant to comply with the Court's most recent order regarding Plaintiffs' motion to compel venue discovery (Dkt. #126 at p. 1). In that joint motion, the parties again represented to this Court (for the third time) that this extension "will not impact any non-venue-related deadlines" in this case (Dkt. #126 at p. 1). On January 29, 2026, the Court granted the parties' second Joint Motion for Extension of Venue Discovery and ordered that venue discovery was now set to close on March 6, 2026, and briefing on Defendant's motion to dismiss for improper venue was now set to conclude with the sur-reply on May 15, 2026 (Dkt. #127 at p. 1).

In sum, throughout the venue discovery period, the parties have jointly moved for an extension of the venue discovery deadlines on two separate occasions, both of which the Court

4

granted (*See* Dkt. #101; Dkt. #127). After these extensions, the deadline for the close of venue discovery and the conclusion of the briefing on Defendant's motion to dismiss for improper venue has been extended by more than four months past its originally ordered dates (*See* Dkt. #66; Dkt. #127).[3] As a result, the venue-related proceedings will now not conclude until after certain important deadlines relating to the non-venue proceedings have already passed.

### B.    Non-Venue Related Proceedings

On November 6, 2025, the Court entered the operative Scheduling Order which set forth all non-venue-related deadlines that the parties were required to comply with in this case (Dkt. #92). The Scheduling Order established two deadlines that are of particular importance to the instant Motion, including a scheduled *Markman* hearing for April 23, 2026, and the completion of all fact discovery by June 10, 2026 (Dkt. #92 at p. 2).[4] Under the current case schedule, this means that the *Markman* hearing will occur approximately three weeks before briefing on Defendant's motion to dismiss for improper venue concludes, and discovery will close less than one month thereafter (*See* Dkt. #92; Dkt. #127). As discussed in more detail below, Defendant contends that this schedule causes the parties to be faced with a practical problem that makes a stay

---

[3]    Indeed, under the Court's original venue discovery order (entered on September 18, 2025) all venue discovery was set to conclude well before any of the "important substantive milestones" that Defendant raises concerns about in the instant Motion including the *Markman* hearing and close of all fact discovery. *Compare* Order Granting Unopposed Motion for Venue Discovery (Dkt. #68 at pp. 1–2) (providing that venue discovery shall close on November 4, 2025, and briefing on Defendant's motion to dismiss for improper venue shall conclude on December 30, 2025), *with* Scheduling Order (Dkt. #92 at p. 3) (providing that the *Markman* hearing is set for April 24, 2026, and the deadline for all fact discovery in the case is June 10, 2026). As discussed in more detail below, this "practical problem" that Defendant alleges is the basis for bringing the instant Motion is largely caused by its own actions throughout the venue discovery period—i.e., refusing to provide certain requested information that is relevant for determining whether venue in this Court is proper—which necessitated both extensions of the venue discovery and briefing deadlines (*See* Dkt. #100 at p. 1; Dkt. #126 at p. 1)

[4]    The Court's Scheduling Order originally set the *Markman* hearing for April 24, 2026 (Dkt. #92 at p. 2). However, on February 2, 2026, the Court reset the *Markman* hearing for April 23, 2026 (*See* Docket Entry, Feb. 2, 2026). Thus, for purposes of completeness and accuracy, the Court lists the scheduled date for the *Markman* hearing as April 23, 2024, despite the Scheduling Order providing otherwise.

of all non-venue related proceedings appropriate; namely, that the Court may not have ruled on Defendant's venue motion until after important substantive case milestones have passed (Dkt. #134 at pp. 5–7).

Pursuant to both the Court's operative Scheduling Order and Venue Discovery Order, the non-venue proceedings have proceeded concurrently with the venue proceedings. At the time of Defendant's Motion: (1) fact discovery has been open for six months; (2) the parties have served and responded to a multitude of interrogatories and requests for admissions; (3) infringement and invalidity contentions have been served; (4) the parties have exchanged *Markman* disclosures; (4) the parties have filed their respective claim construction briefs; and (5) fact discovery closes in less than two months (*See* Dkt. #92; Dkt. #97; Dkt. #132; Dkt. #136; Dkt. #144; Dkt. #151). Thus, both sides have expended significant time and resources in the prosecution of this case to date.

## III.    The Instant Motion

On March 13, 2026, Defendant filed its Motion to Stay Non-Venue Proceedings Against Apple Pending Resolution of Motion to Dismiss for Improper Venue, arguing that the Court should grant its requested stay because it is unlikely that the Court will be able to rule on its venue challenge until after important substantive case milestones will have already passed—including, the *Markman* hearing and possibly the close of fact discovery (Dkt. #134 at p. 5). According to Defendant, allowing the case to proceed further without resolving the venue issue is inconsistent with jurisprudence counseling district courts to resolve venue-related issues before launching into the meat of a case (Dkt. #134 at p. 5). On March 27, 2026, Plaintiffs filed their Response in Opposition to Defendant's Motion, arguing that the Court should deny Defendant's Motion for at least the following three reasons: (1) Defendant has waived any right to seek a stay by repeatedly representing to the Court that discovery and briefing on its 12(b)(3) motion to dismiss "will not

impact any non-venue-related deadlines; (2) Defendant moves to stay as to a single defendant (itself) in a three-defendant case without addressing the issue of severance under Rule 21; and (3) Defendant cites no authority that would support the unprecedented stay it is requesting in this case (Dkt. #140 at p. 4). On April 3, 2026, Defendant filed its Reply in Support of its Motion (Dkt. #148). On April 10, 2026, Plaintiffs filed their Sur-Reply in Opposition to Defendant's Motion (Dkt. #153). The Motion is now ripe for adjudication.

## LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *1 (W.D. Tex. Apr. 6, 2022) ("A trial court has broad discretion to stay an action against a party to promote judicial economy." (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Adaptix, Inc. v. Pantech Wireless, Inc.*, No. 6:13-CV-778, 2016 WL 7364674, at *2 (E.D. Tex. Jan. 12, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In deciding whether to stay a proceeding, the Court "must weigh competing interests and maintain an even balance." *Id.* at *3 (citing *Landis*, 299 U.S. at 254–55). In particular, the Court "must first identify a pressing need for the stay, and then balance those interests against interests frustrated by the action." *Evolutionary Intel., LLC v. Sprint Nextel, Inc.*, No. 6:12-CV-00791, 2013 WL 12162396, at *1 (E.D. Tex. Sept. 18, 2013) (citing *In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 687–88

(Fed. Cir. 2010)). When deciding whether to grant a stay, courts in the Fifth Circuit generally consider three factors: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency.[5] *See, e.g.*, *Adaptix, Inc.*, 2016 WL 7364674, at *1–2 (addressing these three factors to decide whether the court should grant the plaintiff's motion to stay the proceedings pending resolution of appeals in a related action); *Evolutionary Intel., LLC*, 2013 WL 12162396, at *1–2 (considering these three factors in deciding whether to grant the defendants' motion to stay all deadlines in the case pending resolution of its pending motion to transfer venue); *Nguyen v. BP Expl. & Prod., Inc.*, No. CIV.A H-10-2484, 2010 WL 3169316, at *1–2 (S.D. Tex. Aug. 9, 2010) (same).

## ANALYSIS

The parties dispute whether a stay of all non-venue proceedings against Defendant pending resolution of its motion to dismiss for improper venue is appropriate in this case (*See* Dkt. #134; Dkt. #140). Defendant argues that the Court should grant its motion to stay for two reasons. First,

---

[5] Plaintiffs argue that in determining whether to stay the proceedings pending resolution of a dispositive motion, the Court must consider the following three factors set forth in *Rickey v. GVD Hyde Park, LLC* and *Griffin v. Am. Zurich Ins. Co.*: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay (*See* Dkt. #140 at pp. 7, 13; Dkt. #153 at pp. 5–6). Not so. The three factors that Plaintiffs rely on are used only for deciding whether to stay *discovery* pending resolution of a dispositive motion. *See Rickey*, 2021 WL 1025760, at *1–2 (E.D. Tex. Mar. 17, 2021) (deciding whether to grant defendant's motion requesting the court to stay *all discovery* unrelated to the issue of standing ); *Griffin*, 2015 WL 11019132, at *2–3 (N.D. Tex. Mar. 18, 2015) (deciding whether to grant the defendants' motion to stay *discovery* pending resolution of their motions to dismiss). However, Defendant is not seeking a stay of discovery, but rather a stay of *all non-venue case deadlines*, which includes a stay of *all case deadlines* and *all discovery* unrelated to the issue of venue (*See* Dkt. #134; Dkt. #148). A motion to stay the entire case is a separate motion using a separate test than the *Rickey* and *Griffin* factors that Plaintiffs apply. *See Matthews v. Lemonade Ins. Co.*, 809 F. Supp. 3d 1076, 1086 (S.D. Cal. 2025) (explaining that a motion to stay discovery is a separate motion using a separate test than is used for a motion to stay the entire case and thus the factors used for deciding a motion to stay discovery are inapposite for determining a motion to stay the entire action). Moreover, Plaintiffs do not cite, nor could this Court find, a single case that applies the factors set forth in *Rickey* and *Griffin* to decide whether to stay the proceedings, including all deadlines and all discovery. Accordingly, the Court finds that Plaintiffs' argument is without merit, and it will not address any of the three factors set forth in *Rickey* and *Griffin* in deciding whether to grant Defendant's Motion.

Defendant contends that each of the stay factors weigh in favor of granting the requested stay (Dkt. #138 at p. 9). Specifically, Defendant claims that (1) Plaintiffs will not be unduly prejudiced by the stay; (2) Defendant would be unduly prejudiced by denial of the stay; (3) judicial economy favors the stay; and (4) the stage of the litigation favors the stay (Dkt. #138 at pp. 9–14). Second, Defendant argues that a stay is necessary to comply with the Federal Circuit's clear guidance that district courts should decide threshold venue issues before the *Markman* hearing and fact discovery cutoff deadlines (*See* Dkt. #134 at pp. 6, 8–9, 11–12). In response, Plaintiffs not only oppose each of these arguments on the merits but also argue that the Court should deny Defendant's Motion because it has expressly and repeatedly waived any right to move for a stay (Dkt. #140 at pp. 7–8, 13–15).[6] The Court will first address Plaintiffs' argument that Defendant has expressly waived any right to move for a stay because this argument, if accepted, would be dipositive of all other arguments raised by Defendant. The Court will then address each of the arguments raised by Defendant in support of its Motion.

---

[6] In addition, Plaintiffs argue that the Court should deny Defendant's motion to stay because it cannot meet the severance standard (and has not even tried to do so) set forth by the Fifth Circuit (Dkt. #140 at p. 12). The Court finds that this argument is without merit and will not be addressed in this opinion. Indeed, Plaintiffs do not cite, nor could this Court find, a single case that supports this novel argument. The lack of supporting authority, however, is not surprising given that a motion to sever and a motion to stay are entirely distinct and have been treated as such. A motion to sever under Rule 21 requests a court to sever claim(s) against a party which, if granted, "creates two separate actions by which severed claims may proceed as discrete, independent actions." *Wright v. TDCJ-CID Dir.*, No. 6:21CV280, 2022 WL 22834231, at *2 (E.D. Tex. Feb. 4, 2022) (citing *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992)). A motion to stay, in contrast, is a mechanism for placing a court's proceedings on hold for a specified period of time, or pending the outcome of a certain event. *See Stay*, Black's Law Dictionary (11th ed. 2019) (defining "stay" as "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding"); *see, e.g.*, *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, No. 4:18-CV-00501, 2019 WL 3890172, at *1–3 (E.D. Tex. Aug. 19, 2019) (considering the defendant's motion to stay the proceedings pending resolution of a related case). Accordingly, the Court finds that Defendant's failure to address the standard for severance under Rule 21 is of no consequence to the instant Motion.

## I.    Whether Defendant has Waived Any Right to Move for a Stay

A waiver is "the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Rockbrook Place Townhomes Ass'n, Inc. v. LIO Ins. Co.*, No. 4:24-CV-1021-SDJ, 2025 WL 2533999, at *2 (E.D. Tex. Sept. 3, 2025). The party claiming waiver must show that: (1) a right existed at the time of the waiver; (2) the party who is accused of waiver had constructive or actual knowledge of the right in question; and (3) the party intended to relinquish its right. *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 4670435, at *5 (E.D. Tex. Sept. 4, 2009) (citing *Broad. Satellite Int'l, Inc. v. Nat'l Digital Television Ctr.*, 323 F.3d 339, 346 (5th Cir. 2003)). Waiver may occur through "express or implicit renunciation of a known right, or by showing silence or inaction for so long a period as to show an intention to yield the known right." *Bramell v. Aspen Expl., Inc.*, No. 4:05CV384, 2006 WL 8440491, at *7 (E.D. Tex. July 31, 2006); *see also S. Hampton Co. v. Stinnes Corp.*, 733 F.2d 1108, 1117 (5th Cir. 1984) ("A waiver may be express or implied."). However, waiver "is largely a matter of intent, and for implied waiver to be through a party's actions, intent must be clearly demonstrated by the facts and circumstances." *Id.* (citing *Bott v. J.F. Shea Co.*, 388 F.3d 530, 533 (5th Cir. 2004)).

Plaintiffs argue that Defendant has expressly and repeatedly waived any right to move for a stay in the instant action for two reasons (Dkt. #140 at p. 7). First, Plaintiffs claim that Defendant intentionally relinquished any right to seek a stay when it agreed that venue discovery and briefing would "not impact any non-venue-related deadlines" (Dkt. #140 at pp. 7–8). Second, Plaintiffs claim that Defendant repeatedly engaged in intentional conduct inconsistent with claiming any right to stay (Dkt. #140 at p. 8). For example, Plaintiffs contend that Defendant's decision to intentionally negotiate and agree to both sets of deadlines in the Scheduling Order and Venue

10

Discovery Order without ever raising the possibility of a stay until more than a month thereafter constitutes intentional conduct inconsistent with claiming any right to a stay (Dkt. #140 at p. 8). Defendant responds that it has not waived, explicitly or implicitly, its right to move for a stay because Plaintiffs failed to show that it has intentionally relinquished a known right (Dkt. #148 at p. 5). As to Plaintiffs' first argument, Defendant argues that in stating that the extension to venue would "not impact any non-venue related deadlines," it was merely affirming that the particular extension sought was only for venue-related deadlines, not for non-venue-related deadlines (Dkt. #148 at p. 5). Regarding Plaintiffs' second argument, Defendant argues that its consent to the Scheduling Order is likewise not a waiver of its future right to seek a stay (Dkt. #148 at p. 5). Indeed, Defendant contends that if this argument is correct, that means that any party who agrees to a scheduling order can never seek a stay or extension of any deadline, even if circumstances change, which clearly cannot be the case (Dkt. #148 at p. 5).

The Court finds that Defendant did not expressly or impliedly waive its right to move for a stay in the instant action. First, Defendant's statement that the venue proceedings would "not impact any non-venue-related deadlines" does not constitute an express waiver of the right to seek a stay. An express waiver occurs when a party has "manifested a clear and unambiguous intent to waive." *Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010); *see also Cmty. Bank v. Bancinsure, Inc.*, No. CIVA2:09-CV-125-TJW, 2010 WL 1068193, at *3 (E.D. Tex. Mar. 22, 2010) (explaining that express waiver can be established by evidence of a "party's express renunciation of a known right"). Here, the Court finds that Defendant's statement cannot be described as a clear and unequivocal waiver of its right to seek a stay because it fails to state specifically and separately the right it allegedly surrenders. *See Zavala v. City of Houston*, 196 F.3d 1256, 1999 WL 800008, at *2

11

(5th Cir. 1999) (per curiam) ("Any writing asserted as a waiver must specifically address the rights that it allegedly waives and must be strictly construed. Such a degree of specificity is necessary to demonstrate an actual voluntary and knowing waiver."). Indeed, the statement is entirely devoid of any reference to Defendant's right to seek a stay of the proceedings, let alone contain an affirmative recitation that Defendant was waiving that right. *See Sewell v. Millennium State Bank of Tex.*, No. CIV.A. 3:09-CV-157D, 2009 WL 4723141, at *2 (N.D. Tex. Dec. 10, 2009) (finding that the receiver's "representations in court pleadings that it did not intend to delay the litigation do not amount to a waiver of the right to request a stay" because it fails to, among other things, explicitly state that any already-pending actions against the parties will not be stayed); *Days Inn Worldwide, Inc. v. Sonia Invs.*, No. CIV.A. 304CV2278D, 2006 WL 3103912, at *13 (N.D. Tex. Nov. 2, 2006) (finding that the plaintiff did not expressly waive its claims against the defendant because "[t]he plain language of the statement does not refer to legal claims, and [defendant] has failed to produce any evidence that would permit such an inference."). At best, this statement indicates only that Defendant did not plan to seek a stay of the non-venue proceedings *at the time of the statement. See Deitchman v. Fireman's Fund Ins. Co.*, No. 3:10-CV-0021-B, 2010 WL 11618053, at *1–2 (N.D. Tex. Mar. 30, 2010) (finding that defendant's interrogatory response indicating it was not challenging venue was not a waiver of that right because "the language of the statement only indicates [defendant] did not plan to challenge 'venue' *at the time of the statement*."). To interpret the statement to mean Defendant would *never* seek a stay transcends any reasonable interpretation of the statement. *Id.* at *2 (explaining that "[t]o interpret the statement to mean [defendant] would *never* challenge 'venue' goes beyond a reasonable interpretation of the statement.").

Second, Defendant's conduct in this case, including negotiating and agreeing to all deadlines in both the Scheduling Order and Venue Discovery Order without ever raising the possibility of a stay until more than a month thereafter, does not constitute an implied waiver of its right to seek a stay. An implied waiver occurs only when "conclusive evidence shows the party unequivocally manifests its intention to no longer assert its right." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (per curiam); *see also Bott*, 388 F.3d at 533 ("Waiver is largely a matter of intent, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the facts and circumstances."). Here, the Court finds that Defendant has not waived its right to seek a stay because it has not done anything inconsistent with an intent to rely upon such a right. *See Provitas, LLC v. Quality Ingredients Corp.*, No. 4:21-CV-00196, 2021 WL 5907790, *9 (E.D. Tex. Dec. 14, 2021) (explaining that implied waiver can occur "if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" (quoting *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 426 (5th Cir. 2016)); *see also F.D.I.C. v. Neubauer*, No. 3:01-MC-5-M, 2007 WL 2350892, at *2 (N.D. Tex. Aug. 17, 2007) ("There can be *no waiver* of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such a right." (citation modified)). Defendant's conduct in negotiating and agreeing to all deadlines in both the Scheduling Order and Venue Discovery Order is not inconsistent with its right to seek a stay; instead, Defendant was acting in accordance with this Court's prior orders, as it was required to

do.[7] *See Klein v. Novotny*, No. 3:15-CV-2885-K (BF), 2017 WL 4083559, at *3 (N.D. Tex. Aug. 22, 2017) (finding that "[d]efendant's conduct in participating in settlement discussions and agreeing to scheduling pursuant to the District Court's Order does not constitute [an implied] waiver."), *report and recommendation adopted*, No. 3:15-CV-2885-K, 2017 WL 4083166 (N.D. Tex. Sept. 13, 2017); *BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1134 (M.D. Fla. 2007) ("Generally, compliance with a court order does not amount to a waiver or estoppel."). Nor can it be said that Defendant implicitly waived its right to seek a stay through silence or inaction for so long a period as to show an intention to yield the known right. As Plaintiffs point out, Defendant waited only a little more than a month after agreeing to all current venue deadlines before moving for a stay, which is significantly shorter than other courts have allowed without finding that a party has implicitly waived a known right. *See e.g.*, *Hall-Williams v. L. Off. of Paul C. Miniclier, PLC*, 360 F. App'x. 574, 579 (5th Cir. 2010) (per curiam) (finding no implied waiver where defendant waited more than six weeks before moving to stay the court proceedings); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 421 (5th Cir. 1985) (finding no implied waiver where defendant waited nearly eight months before moving to stay the proceedings); *Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 6:15-CV-00918-KNM, 2023 WL 4626659, at *6 (E.D. Tex. July 19, 2023) (finding no implied waiver where defendant waited more than five years to file its motion raising its improper venue challenge where dismissal or transfer would not unduly prejudice plaintiff).

---

[7]   *See, e.g.*, Order Governing Proceedings (Dkt. #56 at p. 1) (ordering that "[t]he Rule 26(f) attorney conference in this case must occur by September 26, 2025. Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order . . . and to file with the clerk a joint report outlining their proposals no later than 14 days after the conference."); Order Granting Unopposed Motion for Venue Discovery (Dkt. #66 at p. 1) ("Having considered the Unopposed Motion for Venue Discovery (Dkt. #58), the motion is hereby **GRANTED** and the Court hereby **ORDERS** the following schedule and parameters for venue discovery").

For these reasons, the Court finds that Defendant has neither explicitly or implicitly waived its right to seek a stay in this case. To hold otherwise would require the Court to imply a waiver where it clearly does not exist. *See Kunkle v. Dretke*, 353 F.3d 980, 989–90 (5th Cir. 2003) (demonstrating that a court is not required to accept a waiver, either express or implicit, where it is not judicially warranted). Accordingly, Plaintiffs' request to deny Defendant's Motion on the basis that Defendant has expressly and repeatedly waived any right to seek a stay is **DENIED**.

## II.    Whether the Stay Factors Weigh in Favor of Granting the Requested Stay

Having rejected Plaintiffs' argument that Defendant waived its right to seek a stay, the Court now turns to Defendant's argument that each of the stay factors weigh in favor of granting its requested stay of all non-venue-related proceedings. As already discussed above, courts in the Fifth Circuit generally consider three factors when determining whether to grant a stay: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency.[8] *See, e.g.*, *Adaptix, Inc.*, 2016 WL 7364674, at \*1–2; *Evolutionary Intel., LLC*, 2013 WL 12162396, at \*1–2. The Court addresses each factor in turn.

---

[8]    In addition to these three stay factors, Defendant argues that courts in this district will also consider "whether the proceedings before the court have reached an advanced stage" (Dkt. #134 at p. 7). Defendant relies on two cases from this district to support its argument (Dkt. #134 at p. 14). *See NFC Tech. LLC*, 2015 WL 1069111, at \*2; *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at \*6 (E.D. Tex. Feb. 14, 2019). The Court finds that both cases are inapplicable to the situation here. Both *NFC* and *CyWee* made clear that the consideration of the "stage of the proceedings" is relevant only when determining whether to grant a motion to stay proceedings pending *inter partes review* ("IPR") of a patent in suit. *See NFC Tech. LLC*, 2015 WL 1069111, at \*2, 8 ("District courts typically consider three factors when determining whether to grant a stay *pending inter partes review* of a patent in suit . . . whether the proceedings before the court have reached an advanced stage"; and "After weighing *all the factors that bear* on whether to grant a stay *pending inter partes review*" (emphasis added)); *CyWee Grp. Ltd.*, 2019 WL 11023976, at \*2, 10 (same). Here, however, Defendant moves to stay the proceedings on grounds that have nothing to do with the initiation of IPR (*See* Dkt. #134 at p. 5 (moving to stay non-venue proceedings as to Defendant pending the Court's resolution on its pending motion to dismiss for improper venue)). Indeed, Defendant does not cite, nor could this Court find, a single case that considers the "stage of the proceedings" in deciding whether to grant a stay pending resolution of a dispositive motion. Accordingly, the Court will not consider this factor in ruling on Defendant's Motion.

### A.    Prejudice to the Non-Moving Party

Defendant argues that Plaintiffs will not be unduly prejudiced by the requested stay for several reasons: (1) Plaintiffs admit that they do not practice any of the patents in suit; (2) Plaintiffs do not compete with Defendant in the market for mobile application development platforms, has not sought a preliminary injunction, and has not identified any ongoing irreparable harm traceable to Defendant's alleged infringement; (3) staying further discovery as to Defendant would not impede Plaintiffs' ability to prosecute its claims against the Bank Defendants (i.e., the allegations against each Defendant will involve different accused products, witnesses, and documentary evidence); and (4) the information sought in Plaintiffs' subsequent discovery requests to Defendant does not bear on Plaintiffs' claims against the Bank Defendants, which could proceed apace while proceedings as to Defendant are stayed (Dkt. #134 at pp. 9–11). Plaintiffs disagree for three reasons: (1) a stay would effectively double all the burdens in the case by splitting one litigation into two (i.e., two claims construction hearings, two sets of reports, and two sets of dispositive motions); (2) a stay as to Defendant would have a negative effect on its allegations against the Bank Defendants because Plaintiffs will take discovery from Defendant for use as infringement and damages against the Bank Defendants; and (3) the asserted patents expire this year which means that if Defendant's motion to dismiss is granted this delay could result in Plaintiffs losing some of their past damages due to the statute of limitations (Dkt. #140 at pp. 13–14).

The Court finds that the first factor disfavors a stay. Defendant, as the party seeking the stay, bears the burden of showing that a stay is necessary. *Tex. League of United Latin Am. Citizens v. Hughs*, 978 F.3d 136, 143 (5th Cir. 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Here, Defendant has failed to present a persuasive argument that Plaintiffs will not be unduly prejudiced by a stay. First, Defendant's argument that Plaintiffs will not suffer undue prejudice because it is a

16

non-practicing entity is incorrect. Indeed, courts in this district have repeatedly rejected this argument. *See Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024) (rejecting defendant's argument that plaintiff will not be unduly prejudice because plaintiff is a non-practicing entity, explaining that "[a]ll parties have an interest in the timely vindication of their patent rights, regardless of their practicing status."); *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *3 (E.D. Tex. Apr. 29, 2025) ("Whether or not a plaintiff is a practicing or non-practicing entity is of no moment when considering whether a plaintiff will suffer prejudice because of a stay."). Second, Defendant's argument that Plaintiffs will not suffer undue prejudice from a stay because they do not compete with Defendant in the market for mobile application development platforms is also unavailing. Courts in this district have made clear that this argument is not persuasive where, as here, Plaintiffs make specific allegations of prejudice other than the natural delay that would occur when a stay is granted in any case. *See Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020) (finding that the court "is not persuaded by [defendant]'s argument that because [plaintiff] is not a competitor of [defendant], a delay to this litigation will result in no prejudice to [plaintiff]" because plaintiff "has made specific allegations of prejudice"). Third, Defendant's argument that Plaintiffs' decision not to move for an injunction weighs in favor of granting a stay is likewise without merit. *See Saint Lawrence Comms. LLC v. ZTE Corp.*, No. 2:15-CV-00351-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) ("[T]he failure

17

to seek an injunction does not amount to an admission by plaintiff that it will not be prejudiced by a stay."). Accordingly, the Court finds that the first factor weighs against a stay.[9]

### B.    Hardship and Inequity to the Moving Party if a Stay is Not Granted

Defendant argues that it would be greatly prejudiced if the requested stay is denied for three reasons: (1) the Federal Circuit's guidance makes clear that a litigant is prejudiced if a case proceeds to the *Markman* hearing and beyond prior to the resolution of a challenge to venue; (2) the parties have recently been arriving at a fundamental dispute over the proper scope of discovery in the case, which if Defendant is forced to undergo even a fraction of that extensive discovery while a motion to dismiss is pending would be highly prejudicial; and (3) litigating in an improper venue in which Defendant has no regular and established place of business is inherently inconvenient and prejudicial to Defendant (Dkt. #134 at pp. 11–13). Plaintiffs disagree, arguing that Defendant will suffer no prejudice or hardship if the stay is denied because Defendant will need to produce the same discovery and participate in the same claim construction process regardless of the forum in which the case is ultimately litigated (Dkt. #140 at p. 14).

---

[9]  Although it is not Plaintiffs' burden to prove Defendant's Motion, *see Hughs*, 978 F.3d at 143, the Court finds that Plaintiffs have shown that they will be unduly prejudiced by a stay in this case for at least two reasons. First, Plaintiffs have shown that a stay as to Defendant would have a negative effect on its allegations against the Bank Defendants by preventing them from obtaining discovery they planned to use to establish infringement and damages against the Bank Defendants (Dkt. #140 at p. 14). *See Dali Wireless, Inc. v. AT&T Corp.*, No. 2:22-CV-0012-RWS-RSP, 2023 WL 2898423, at *4 (E.D. Tex. Apr. 8, 2023) (finding that the first factor weighs against a stay as to one defendant, AT&T, because it would mitigate certain affirmative obligations under the court's discovery order that prejudice plaintiff, including its ability to obtain discovery from AT&T that they plan to use to establish a reasonable royalty in the case). Second, Plaintiffs have shown that a stay as to Defendant would interfere with its interest in the timely enforcement of its patent rights (Dkt. #140 at p. 14). *See Lionra Techs. Ltd.*, 2025 WL 1239317, at *2 ("This Court has recognized that a plaintiff has a right to the timely enforcement of its patent rights."); *see also Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well-established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive."). Accordingly, the Court finds that these facts further bolster its conclusion that this factor weighs against a stay.

The Court finds that Defendant would not be unduly prejudiced absent a stay. Defendant puts forth three complaints about the hardships that it will purportedly suffer if this case were to proceed, none of which the Court finds persuasive. First, Defendant's primary contention is that it would unquestionably suffer undue prejudice if forced to continue litigating through a *Markman* and the end of fact discovery while its motion to dismiss for improper venue is pending (Dkt. #134 at pp. 11–12). This argument, however, has already been resoundingly rejected by courts in this circuit. *See, e.g.*, *SpaceTime3D, Inc. v. Apple Inc.*, No. 6-22-CV-00149-ADA, 2023 WL 11915715, at *3 (W.D. Tex. Feb. 2, 2023) (finding that "a Markman hearing is a fundamental component of any patent case no matter where a case is litigated, and discovery is also a fundamental component of any case" and thus "the fact that [defendant] will have to participate in a Markman hearing and in discovery hardly shows that it will suffer hardship" if the stay is not granted); *WSOU Invs. LLC v. ZTE Corp.*, No. 6:20-CV-00487-ADA, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) (rejecting defendant's argument that "continued discovery and proceeding to a *Markman* hearing will cause irreparable harm" finding that "these typical costs associated with discovery and defending a suit do not warrant a stay.").

Second, Defendant argues that it would suffer undue hardship because, absent a stay, it will be forced to engage in overly broad and extensive fact discovery (Dkt. #134 at pp. 12–13). The Court is not moved by Defendant's complaints regarding the alleged undue burdens it will suffer from the discovery. Indeed, concerns "[t]hat discovery takes time and costs money is not special to Defendant[]; it is the natural consequence of any lawsuit." *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2021 WL 5415291, at *4 (E.D. Tex. Nov. 19, 2021); *see also F.T.C. v. Standard Oil Co. of Cal.*, 499 U.S. 232, 244 (1989) ("The expense and annoyance of litigation is part of the social burden of living

19

under government." (citation modified)). Thus, this Court, like many other courts in this circuit, finds that "the prospect of burdensome or expensive discovery alone is not sufficient to demonstrate irreparable injury" absent a stay. *See, e.g.*, *Earl*, 2021 WL 5415291, at *4; *M.D. v. Perry*, No. CIV.A. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011); *WSOU Invs. LLC*, 2022 WL 479131, at *2. Moreover, Defendant's prejudice argument is further undermined by the fact that the discovery requests that Plaintiffs have served cover topics like infringement of the asserted patents as well as Defendant's development of the accused functionalities (*See* Dkt. #134 at p. 12). Consequently, these requests seek foundational information that goes to the heart of Plaintiffs' claims, and therefore must be answered by Defendant regardless of the district in which this case is litigated. *See SpaceTime3D, Inc.*, 2023 WL 11915715, at *3 (finding that defendant will not suffer irreparable if forced to embark on "intensive fact discovery" since these requests are "foundational discovery requests to which [defendant] would have to respond no matter the division the case was litigated."). In short, without a stay, Defendant will incur only the ordinary costs of discovery and proceed in the ordinary course of patent litigation. There is no harm to Defendant if the stay is denied; the exact outcome—engaging in intensive fact discovery and proceeding to a *Markman*—will occur in this case whether in this Court or another. *See Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00620-ADA, 2022 WL 4595069, at *2 (W.D. Tex. Sept. 30, 2022) (finding that defendant will not suffer irreparable harm absent a stay since "the exact outcome—proceeding to fact discovery—will occur regardless of whether this Court transfers any cases.").

Lastly, Defendant argues that it would suffer undue hardship because, absent a stay, it will be forced to litigate in an improper venue in which it has no regular and established place of business which it contends is inherently inconvenient and prejudicial to Defendant (Dkt. #134 at p. 13).

20

However, this is sheer speculation on Defendant's part, and "[a] court should not decide a motion to stay based on a party's speculative concerns." *SpaceTime3D, Inc.*, 2023 WL 11915715, at *1. Indeed, the Court has not yet addressed the question of venue, nor has Defendant's venue motion even been fully briefed (*See* Dkt. #127 at p. 1 (ordering that briefing on Defendant's venue motion shall conclude on May 15, 2026)). Thus, Defendant has no substantive basis for its speculation that it will suffer undue prejudice absent a stay since it would be forced to continue litigating in a place in which it "has no regular and established place of business" (Dkt. #134 at p. 13).

Accordingly, because Defendant has not shown that it will be unduly prejudiced absent a stay, the Court finds the second factor weighs against a stay.

### C.    Judicial Economy and Efficiency

Defendant argues that judicial economy strongly favors a stay because, by staying the litigation, the Court would avoid unnecessarily resolving discovery disputes and other substantive issues in a case that is ultimately dismissed for improper venue (Dkt. #134 at pp. 13–14). Moreover, Defendant contends that if litigation between Plaintiffs and Defendant were to continue in a different forum because the Court elects to transfer rather than dismiss, then judicial economy requires that court to decide the important issues of the case, including claim construction and major discovery disputes (Dkt. #134 at p. 14). Plaintiffs respond that a stay would waste resources by unnecessarily duplicating proceedings, for example, under Defendant's proposed stay, the Court would apparently need to hold two separate claim construction hearings (Dkt. #140 at p. 14).

The Court finds that considerations of judicial economy and efficiency weigh against granting a stay. Defendant argues that a stay will preserve judicial economy by "avoiding unnecessary resolution of issues in a case that is ultimately dismissed" (Dkt. #148 at p. 4). Not so. Defendant's argument again is based on sheer speculation, and "[a] court should not decide a

21

motion to stay based on a party's speculative concerns." *SpaceTime3D, Inc.*, 2023 WL 11915715, at *1. As mentioned above, the Court has neither addressed the question of venue, nor has Defendant's venue motion even been fully briefed. *See supra* Section II.B. Thus, while it is possible that a stay may allow the Court to avoid expending resources in a case that may ultimately be dismissed, it is equally possible that a stay would cause unnecessary delay and impede the timely resolution of the present action. *See Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-CV-1430-P, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011) ("For judicial economy purposes, the Court cannot stay a case every time a party believes a Motion to Dismiss should be granted in their favor."). Moreover, this Court has already expended considerable time and effort to move this case along to trial—to stay the case now would not only waste much of the effort that has already been expended by the Court but also derail the parties' efforts to prepare this case for trial.[10] *See Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *3 (W.D. Tex. Apr. 7, 2021) (finding that judicial economy warrants denying a stay where, as here, the court "has expended considerable time and effort to get this case resolved" and "to stay the case would squander those efforts"). Accordingly, the Court finds that the third factor weighs against a stay.

\* \* \*

In sum, the Court finds that all three factors weigh against Defendant's request for a stay of all non-venue-related proceedings as to Defendant pending resolution of its motion to dismiss for improper venue. Accordingly, Defendant's Motion to Stay should be **DENIED**.

---

[10] The Court's efforts have included, *inter alia*, the following: (1) conducting two discovery dispute hearings, (2) entering a Scheduling Order to control the disposition of this action, (3) holding a *Markman* hearing and heard oral arguments regarding the parties' proposed claim constructions, and (4) entering its claim construction memorandum opinion and order.

### III.    Whether the Federal Circuit's Clear Guidance Requires a Stay of All Non-Venue Related Proceedings

Lastly, Defendant's Motion to Stay is largely based on its argument that clear guidance from the Federal Circuit requires that threshold venue issues should be decided before major case milestones like the *Markman* hearing and the close of fact discovery (*See* Dkt. #134; Dkt. #148). Defendant relies on four Federal Circuit cases to support its argument, none of which support its position. First, in *In re Apple Inc.*, 52 F.4th 1360 (Fed. Cir. 2022) [hereinafter *Apple Inc.*], the Federal Circuit explicitly stated that it was not deciding the issue relevant here: "We do not decide in this case (which does not present the issue) whether and the extent to which merits discovery may proceed pending discovery for a decision on a transfer motion." *Id.* at 1363. Instead, the Federal Circuit was asked to address whether the district court clearly abused its discretion by refusing to consider a fully briefed motion to transfer until fact discovery is complete. *See id.* at 1362 (noting that in its petition for writ of mandamus "[defendant] contends that the district court clearly abused its discretion in ordering the parties to complete 30 more weeks of fact discovery while pressing forward on the merits and then spend another six weeks re-briefing the issue before deciding [defendant]'s transfer request"). Unlike that case, the Court has not refused to consider a fully briefed venue motion until discovery on the merits is complete. In fact, quite the contrary is true in this case (*See* Dkt. #124 at p. 40 (explaining to the parties that the Court will "take care of [Defendant's venue motion] *relatively quickly* once its *fully briefed*." (emphasis added)). Thus, the Court finds that that *Apple Inc.* is inapposite, and the use of that case to support Defendant's position is unavailing.

Second, in *In re Nintendo Co., Ltd.*, 544 F. App'x 934 (Fed. Cir. 2013) [hereinafter *Nintendo*], the Federal Circuit held, among other things, that the district court erred by failing to

23

address the defendant's motion to sever and motion to transfer prior to assessing whether additional claims against the retailer defendant could be asserted under Rule 18. *Id.* at 942–43 (finding that while it recognizes that the parties did not make the district court's task easy "[t]hose realities do not excuse the district's court's failure to exercise its discretion to consider the severance and transfer motions before it"). Again, this case neither discusses nor decides the issue presented here. Unlike *Nintendo*, the Court in this case is not faced with the situation in which it could exercise its discretion to first resolve challenges to venue prior to addressing substantive issues in the litigation. As already discussed ad nauseam by this Court above, under its original venue discovery order (entered on September 18, 2025) the Court would have been able to resolve Defendant's challenge to venue prior to addressing substantive issues in the litigation. *See supra* note 3. The Court, however, now only finds itself unable to do so because Defendant's conduct has caused venue discovery to be extended on two separate occasions.[11] Thus, the Court will not now intervene and exercise its discretion to remedy a problem that Defendant itself created.

Third, in *In re Volkswagen Grp. of Am., Inc.*, 851 F. App'x 1036 (Fed. Cir. 2021) [hereinafter *Volkswagen*], the Federal Circuit does not address the scenario presented here—i.e., where briefing on a party's motion to dismiss for improper venue will not be completed until after the *Markman* hearing. *See id.* at 1036 (noting that defendant's motion to dismiss for improper venue, or alternatively, to transfer venue was fully briefed on March 12, 2021, and the *Markman* hearing was scheduled for October 4, 2021). Indeed, to the extent that the case is relevant to this issue, it

---

[11] *See, e.g.*, Joint Motion for Extension of Time for Venue Discovery (Dkt. #100 at p. 1) (stating that the parties jointly move the Court "for an extension of Apple's deadline to comply with the Court's Order regarding Wapp's Motion to Compel Venue Discovery"); Joint Motion for Extension of Time for Venue Discovery (Dkt. #126 at p. 1) (stating that the parties jointly move the Court "to establish a deadline for Apple to comply with the Court's Order regarding Wapp's [second] Motion to Compel Venue Discovery").

actually contains language which undermines Defendant's position in this case. *See id.* (explaining that defendant has *not* "presently shown a clear legal right to stay all non-venue-related deadlines" pending the district court's resolution of defendant's motion to dismiss or transfer).[12] Moreover, the portion of *Volkswagen* that Defendant cites for the proposition that a *Markman* hearing "should be timed so as to occur after deciding a venue challenge" is dicta. *See id.* at 1036–37 (finding that defendant "has not shown that it is unable to obtain a ruling on its venue motion in a timely fashion without mandamus" but noting, however, "that the district's court's failure to issue a ruling on [defendant]'s venue motion before a *Markman* hearing *may* alter our assessment of the mandamus factors." (emphasis added)). Thus, the Court is not persuaded that the Federal Circuit's decision in *Volkswagen* is applicable in this case.

Fourth, in *In re Fusion-Io, Inc.*, 489 F. App'x 465 (Fed. Cir. 2012) [hereinafter *Fusion-Io*], the Federal Circuit again failed to consider or address the situation presented in the instant Motion. In fact, the case is totally silent with respect to whether a district court must stay non-venue-related proceedings pending resolution of a venue motion. *See id.* at 465 (noting that defendant "seeks a petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer to the United States District Court for the District of Utah."). Instead, the Federal Circuit simply held that district courts should promptly resolve motions to transfer venue before proceeding to any motions on the merits of the action. *See id.* at 466 ("We fully expect, however, for [defendant] to promptly request transfer in the lead case along with a motion to stay

---

[12] Additionally, the Federal Circuit has made this same finding in an earlier opinion. *See In re ADTRAN, Inc.*, 840 F. App'x 516 (Fed. Cir. 2021). In *In re ADTRAN, Inc.*, the Federal Circuit denied defendant's petition for writ of mandamus to stay all deadlines unrelated to venue until the district court ruled on its pending motion to dismiss or transfer in part because defendant "has identified *no authority* establishing a clear legal right to a stay of all non-venue-related deadlines under circumstances where the *venue-related motion is still in briefing* and the Markman hearing is months away." *Id.* at 517 (emphasis added).

proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motions on the merits of the action."). Here, the Court has already made clear that it will promptly address Defendant's venue motion once it is fully briefed (Dkt. #124 at p. 40 (explaining to the parties that the Court will "take care of [Defendant's venue motion] *relatively quickly* once its fully briefed" (emphasis added)). Thus, even if *Fusion-Io* is applicable here, the Court has acted consistently with the Federal Circuit's guidance in this area.

In sum, all four of the Federal Circuit cases that Defendant relies on provide no support for the proposition for which it is offered. At best, these cases stand for the proposition that district courts should promptly address fully briefed motions to dismiss for improper venue or to transfer prior to addressing substantive issues in the litigation. Here, the Court has already explicitly agreed to do just that (*See* Dkt. #124 at p. 40). Accordingly, Defendant's motion to stay all non-venue proceedings should be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant Apple Inc.'s Motion to Stay Non-Venue Proceedings Against Apple Pending Resolution of Motion to Dismiss for Improper Venue (Dkt. #134) is hereby **DENIED**.

 **IT IS SO ORDERED.**

 **SIGNED this 1st day of May, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE