# Exhibit B

# Order Granting Request for Ex Parte Reexamination

# U.S. Patent No. 10,691,579

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,032 | 03/06/2026 | 10691579 | | 1044 |

97066        7590        04/14/2026
Innovation Capital Law Group, LLP
19900 MacArthur Blvd., Suite 610
Irvine, CA 92612

| EXAMINER |
|---|
| CAMPBELL, JOSHUA D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/14/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
901 NEW YORK AVENUE, NW
WASHINGTON, DC 20001-4413

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,032* .

PATENT UNDER REEXAMINATION *10691579* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/016,032 | | Patent Under Reexamination 10691579 | |
|---|---|---|---|---|
| | Examiner JOSHUA D CAMPBELL | | Art Unit 3992 | AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 06 March 2026 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,   b)☑   PTO/SB/08,   c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /JOSHUA D CAMPBELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                    **Office Action in *Ex Parte* Reexamination**                    Part of Paper No. 20260406

Application/Control Number: 90/016,032                                    Page 2
Art Unit: 3992

**Decision on Request**

1.      A substantial new question (SNQ) of patentability affecting claims 15, 16, 18, 27, and 33 of United States Patent Number 10,691,579 (hereinafter "the '579 Patent") is raised by the request for *ex parte* reexamination filed March 6, 2026 (hereinafter "the Request").

**35 USC 325(d)**

2.      A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

***Priority***

3.      The '579 Patent matured from the '186 application, which was a Division of U.S. Patent application No. 14/084,321 (U.S. Patent No. 9,298,864), filed November 19, 2013, which is a Division of U.S. Patent application No. 12/705,913 (U.S. Patent No. 8,589,140), filed February 15, 2010, which is a Continuation-in-Part of U.S. Patent application No. 11/449,958 (U.S. Patent No. 7,813,910), filed June 9, 2006. The '579 Patent also relies on provisional application Nos. 61/152,934, filed February 16, 2009, and 60/689,101, filed June 10, 2005.

Patent Owner has previously made the following statement regarding the priority of the claims of the '579 Patent:

Claims 18, 25, 26, 27, 33, and 34 of the '579 Patent are entitled to a priority date of June 9, 2006. Claims 15 and 16 of the '579 Patent are entitled to a priority date of June 10, 2005.

(Ex. Q from the Request, page 5 of Patent Owner's Disclosure of Asserted Claims)

Application/Control Number: 90/016,032                                            Page 3
Art Unit: 3992

Thus, claims 15 and 16 are given the priority date of June 10, 2005 while claims 18, 27, and 33 are given

the priority date of June 9, 2006.

### *Patent Term*

4.      As mentioned above, the '579 Patent matured from the '186 application, which was a Division of

U.S. Patent application No. 14/084,321 (U.S. Patent No. 9,298,864), filed November 19, 2013, which is a

Division of U.S. Patent application No. 12/705,913 (U.S. Patent No. 8,589,140), filed February 15, 2010,

which is a Continuation-in-Part of U.S. Patent application No. 11/449,958 (U.S. Patent No. 7,813,910),

filed June 9, 2006.  The '579 Patent also relies on provisional application Nos. 61/152,934, filed February

16, 2009, and 60/689,101, filed June 10, 2005.

5.      MPEP 2701(I) and (IV) state the following:

> *A patent granted on a continuation, divisional, or continuation-in-part application that was filed*
>
> *on or after June 8, 1995, will have a term which ends twenty years from the filing date of earliest*
>
> *application for which a benefit is claimed under 35 U.S.C. 120, 121, 365(c), or 386(c) regardless*
>
> *of whether the application for which a benefit is claimed under 35 U.S.C. 120, 121, or 365(c) was*
>
> *filed prior to June 8, 1995.*

> *Domestic benefit under 35 U.S.C. 119(e) to one or more U.S. provisional applications is not*
>
> *considered in the calculation of the twenty-year term. See 35 U.S.C. 154(a)(3).*

The term of twenty years from the filing date (based on the continuation-in-part filing date of June 9,

2006) plus the term adjustment of 0 days would result in the '579 Patent expiring on June 9, 2026.

6.      Once the '579 Patent expires, 37 C.F.R. 1.530(j) states, "No enlargement of claim scope. No

amendment may enlarge the scope of the claims of the patent or introduce new matter. *No amendment*

*may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation*

Application/Control Number: 90/016,032                                              Page 4
Art Unit: 3992

*of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.*"

(emphasis added). Thus, once the patent has expired no amendments of the claims will be allowed aside from the cancellation of claims.

Additionally, in making the determination of whether to order reexamination, the Office will determine the proper meaning of the patent claims by giving the claims their broadest reasonable interpretation consistent with the specification (see In re Yamamoto, 740 F.2d 1569 (Fed. Cir. 1984)), except in the case of an expired patent (in a reexamination involving claims of an expired patent, claim construction is pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303, 1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art in question at the time of the invention, see Ex parte Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986)).

### *Information Disclosure Statement*

7.      Where the IDS citations are submitted but not described, the examiner is only responsible for cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree of review unless the reference is either applied against the claims, or discussed by the examiner as pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of In re Portola Packaging, Inc., 110 F.3d 786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search. The initials of the examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above.

Application/Control Number: 90/016,032                                                                Page 5
Art Unit: 3992

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and other such items of information are submitted by a party (patent owner) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information."

**Affidavits, Declarations, or Other Written Evidence**

8.    The Examiner notes that affidavits or declarations or other written evidence which explain the contents or pertinent dates of prior art patents or printed publications in more detail may be considered in reexamination (see: MPEP 2258(I)(E)), but any rejection must be based upon the prior art patents or printed publications as explained by the affidavits or declarations or other written evidence. The rejection in such circumstances cannot be based on the affidavits or declarations or other written evidence as such, but must be based on the prior art patents or printed publications.

9.    The Examiner recognizes that a declaration of Dr. Ian Cullimore (Ex. C) has been referenced in support of Third-Party Requester. The declaration has been considered and made of record. In the instant case, the submitted Cullimore Declaration at least further explains the contents of the prior art patents and printed publications in more detail.

10.    The Examiner recognizes that a declaration of Mina Ching (Ex. H) has been referenced in support of Third-Party Requester. The declaration has been considered and made of record. In the instant case, the submitted Ching Declaration at least further explains the public availability of the Morrison reference.

11.    The Examiner recognizes that a declaration of Lauren Gluckman (Ex. I) has been referenced in support of Third-Party Requester. The declaration has been considered and made of record. In the instant case, the submitted Gluckman Declaration at least further explains the public availability of the Kazman reference.

Application/Control Number: 90/016,032                                                    Page 6
Art Unit: 3992

12.     The Examiner recognizes that a declaration of Mina Ching (Ex. J) has been referenced in support of Third-Party Requester.  The declaration has been considered and made of record.  In the instant case, the submitted Ching Declaration at least further explains the public availability of the BlackBerry reference.

13.     The Examiner recognizes that a declaration of Shauna Wiest (Ex. L) has been referenced in support of Third-Party Requester.  The declaration has been considered and made of record.  In the instant case, the submitted Wiest Declaration at least further explains the public availability of the Morrison reference.

### Prior art cited in the Request

14.     The present request indicates that the Requester considers that a substantial new question of patentability is raised as to claims 15, 16, 18, 27, and 33 of the '579 Patent by the following prior art references:

      a.    **Morrison** – "Beginning Mobile Phone Game Programming"

      b.    **Kazman** – "A Simulation Test-bed for Mobile Adaptive Architectures"

      c.    **BlackBerry** – "BlackBerry Simulator User Guide"

### Prosecution History

15.     The '579 Patent application was assigned serial number 15/083,186 (hereinafter "the '186 application"), March 28, 2016.

    In the final response by patent owner prior to allowance, filed November 18, 2019, the patent owner made the following amendments to the independent claim 51 (patent claim 15):

Application/Control Number: 90/016,032                                                                 Page 7
Art Unit: 3992

> 51.    (Currently Amended) A non-transitory, computer-readable medium comprising software instructions for developing an application to be run on a mobile device, wherein the software instructions, when executed, cause a computer to:
>
> select simulate one or more characteristics associated with indicative of a [[the]] mobile device;
>
> monitor utilization of one or more resources of the mobile device over time [[as]] by an [[the]] application [[is]] running on a simulation of the mobile device;
>
> display a representation of one or more graphical images representations of the monitored application's resource utilization;
>
> correspond the utilization of a specific displayed resource at a given time with one or more functions, or code, or both of the application responsible for that utilization;
>
> initiate transmission of the application on a simulation of the mobile device, or to that is being developed to one or more physical versions of the physical mobile device, or both.

In response to the amendments, the application was passed to allowance in the Notice of Allowance mailed January 29, 2020.  The rejections of claim 51 under 35 U.S.C. 112, second paragraph (provided below) was withdrawn in view of the amendments.

> As cited features "display one or more graphical images representations of the application's resource utilization" and "initial transmission of the application that is being developed to one or more physical versions of the mobile device" in claim 51 are not well defined in the Specification for examination.  The claims failed particularly point out and distinctly claim the subject matter which applicant regards as the invention.  Correction is required.

> (page 3 of the Non-Final Rejection mailed May 16, 2019 in the '186 application)

The examiner provided no reasons for allowance.

Thus, as it currently stands based on the prosecution history of the '186 application, it appears that claim 51 of the '579 Patent were allowed at least in part based on the following limitations:

> *display a representation of one or more of the monitored resource;*
>
> *...*
>
> *initiate transmission of the application on a simulation of the mobile device, or to the physical mobile device, or both.*

> (patent claim 15)

Application/Control Number: 90/016,032                                                    Page 8
Art Unit: 3992

## Substantial New Question of Patentability

16.    The italicized sections of claim 15 are utilized by the examiner to show how specific teachings of the proposed references create a substantial new question of patentability.

1.    A non-transitory, computer-readable medium comprising software instructions for developing an application to be run on a mobile device, wherein the software instructions, when executed, cause a computer to:

select one or more characteristics associated with a mobile device;

monitor utilization of one or more resources of the mobile device over time by an application running on a simulation of the mobile device;

*display a representation of one or more of the monitored resource;*

correspond the utilization of a specific displayed resource at a given time with one or more functions, or code, or both of the application responsible for that utilization;

*initiate transmission of the application on a simulation of the mobile device, or to the physical mobile device, or both.*

### Morrison (SNQ 1)

17.    The Request shows that Morrison provide teachings relevant to the determination of patentability regarding the following limitations, for claim 15:

*display a representation of one or more of the monitored resource;*

See pages 27-29 of the Request, discussion of limitation [15[c]] of independent claim 15.

*initiate transmission of the application on a simulation of the mobile device, or to the physical mobile device, or both.*

See pages 33-36 of the Request, discussion of limitation [15[e]] of independent claim 15.

The Morrison reference was not previously discussed by the previous examiner nor applied to claims 15, 16, 18, 27, and 33 in the prior examination of the '579 patent.

Application/Control Number: 90/016,032                                                    Page 9
Art Unit: 3992

It is agreed that Morrison raises a substantial new question of patentability with respect to at least independent claim 15 of the '579 Patent. There is a substantial likelihood that an examiner would consider these new, non-cumulative technological teachings important in deciding whether or not these claims are patentable.

Accordingly, Morrison raises a substantial new question of patentability with respect to at least claims 15 and 16 of the '579 Patent, a question which has not been decided in a previous examination of the '579 Patent nor was there a final holding of invalidity by the Federal Courts regarding the '579 Patent.

### Morrison in view of Kazman (SNQ 2)

18.    As determined in the previous section, Morrison alone raises a substantial new question of patentability for patented independent claim 15. Therefore, for the same reasons as above, the prior art reference combination of Morrison in view of Kazman also raises a substantial new question of patentability for claim 15, and in view of their dependence on said independent claim, claims 16, 18, 27, and 33.

### Morrison in view of Blackberry (SNQ 3)

19.    As determined in a previous section, Morrison alone raises a substantial new question of patentability for patented independent claim 15. Therefore, for the same reasons as above, the prior art reference combination of Morrison in view of BlackBerry also raises a substantial new question of patentability for claims 18 and 27, in view of their dependence on said independent claim.

### Morrison in view of BlackBerry and Kazman (SNQ 4)

20.    As determined in a previous section, Morrison alone raises a substantial new question of patentability for patented independent claim 15. Therefore, for the same reasons as above, the prior art reference combination of Morrison in view of BlackBerry and Kazman also raises a substantial new question of patentability for claims 18, 27, and 33, in view of their dependence on said independent claim.

Application/Control Number: 90/016,032                                                                 Page 10
Art Unit: 3992

**Scope of Reexamination**

21.     Claims 15, 16, 18, 27, and 33 will be reexamined as requested.

*Conclusion*

22.     Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the

provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.

Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special

dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte* reexamination proceedings are provided for

in 37 CFR 1.550(c).

23.     The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise

the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No.

10,691,579 throughout the course of this reexamination proceeding.  The third party requester is also

reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the

course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

24.     **All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

Electronically: Registered users may submit via Patent Center at https://patentcenter.uspto.gov/.

By Mail to:          Mail Stop *Ex Parte* Reexam
                     Central Reexamination Unit
                     Commissioner for Patents
                     United States Patent & Trademark Office
                     P.O. Box 1450
                     Alexandria, VA 22313-1450

By FAX to:           (571) 273-9900
                     Central Reexamination Unit

By hand:             Customer Service Window
                     Knox Building

Application/Control Number: 90/016,032                                                    Page 11
Art Unit: 3992

501 Dulany Street
Alexandria, VA 22314

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence

(except for a request for reexamination and a corrected or replacement request for reexamination) will be

considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with

37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating

the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication should be directed to Joshua Campbell at telephone

number (571) 272-4133.

/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992

Conferee:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992