# Exhibit C

# Order Granting Request for Ex Parte Reexamination

# U.S. Patent No. 9,971,678

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,033 | 03/06/2026 | 9971678 | | 3295 |

97066        7590        04/21/2026

Innovation Capital Law Group, LLP
19900 MacArthur Blvd., Suite 610
Irvine, CA 92612

| EXAMINER |
|---|
| CAMPBELL, JOSHUA D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/21/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER LLP
901 NEW YORK AVENUE, NW
WASHINGTON, DC 20001-4413

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,033* .

PATENT UNDER REEXAMINATION *9971678* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/016,033 | Patent Under Reexamination 9971678 | |
|---|---|---|---|
| | Examiner JOSHUA D CAMPBELL | Art Unit 3992 | AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>06 March 2026</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,       b)☑   PTO/SB/08,       c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /JOSHUA D CAMPBELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc:Requester ( if third party requester )

Application/Control Number: 90/016,033                                                              Page 2
Art Unit: 3992

## Decision on Request

1.      A substantial new question (SNQ) of patentability affecting claim 1 of United States Patent

Number 9,971,678 (hereinafter "the '678 Patent") is raised by the request for *ex parte* reexamination filed

March 6, 2026 (hereinafter "the Request").

## 35 USC 325(d)

2.      A review of the post grant history for the underlying patent indicates that there have been no

other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter Partes*

Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of

reexamination pursuant to 35 USC 325(d) is not applicable.

## *Priority*

3.      The '678 Patent matured from the '475 application, which is a Continuation of U.S. Patent

application No. 13/673,692 (U.S. Patent No. 8,924,192), filed November 9, 2012, which is a Continuation

of U.S. Patent application No. 12/759,543 (U.S. Patent No. 8,332,203), filed August 13, 2010, which is a

Continuation of U.S. Patent application No. 11/449,958 (U.S. Patent No. 7,813,910), filed June 9, 2006.

The '678 Patent also relies on provisional application no. 60/689,101, filed June 10, 2005.

        Patent Owner has previously made the following statement regarding the priority of the claims of

the '678 Patent:

                                                 Claims 1 and 3 of the '678 Patent are entitled to
        a priority date of June 9, 2006.

                (Ex. P from the Request, page 4 of Patent Owner's Disclosure of Asserted Claims)

Thus, claim 1 is given the priority date of June 9, 2006.

Application/Control Number: 90/016,033                                                    Page 3
Art Unit: 3992

### *Patent Term*

4.      As mentioned above, the '678 Patent matured from the '475 application, which is a Continuation

of U.S. Patent application No. 13/673,692 (U.S. Patent No. 8,924,192), filed November 9, 2012, which is

a Continuation of U.S. Patent application No. 12/759,543 (U.S. Patent No. 8,332,203), filed August 13,

2010, which is a Continuation of U.S. Patent application No. 11/449,958 (U.S. Patent No. 7,813,910),

filed June 9, 2006.  The '678 Patent also relies on provisional application no. 60/689,101, filed June 10,

2005.

5.      MPEP 2701(I) and (IV) state the following:

> *A patent granted on a continuation, divisional, or continuation-in-part application that was filed*
>
> *on or after June 8, 1995, will have a term which ends twenty years from the filing date of earliest*
>
> *application for which a benefit is claimed under 35 U.S.C. 120, 121, 365(c), or 386(c) regardless*
>
> *of whether the application for which a benefit is claimed under 35 U.S.C. 120, 121, or 365(c) was*
>
> *filed prior to June 8, 1995.*
>
>
> *Domestic benefit under 35 U.S.C. 119(e) to one or more U.S. provisional applications is not*
>
> *considered in the calculation of the twenty-year term. See 35 U.S.C. 154(a)(3).*

The term of twenty years from the filing date (based on the continuation filing date of June 9, 2006) plus

the term adjustment of 500 days would result in the '678 Patent expiring on October 22, 2027.

Additionally, the '678 Patent term is terminally disclaimed to the patent term of U.S. Patent No.

8,332,203 (the '203 Patent).  The term of the '203 Patent of *"twenty years from the filing date of the*

*earliest of such application(s)"* is based on June 9, 2006 (the filing date of the 11/449,958 application)

plus the term adjustment of 230 days under 35 U.S.C. 154(b), which would be January 25, 2027.

Thus, based on said terminal disclaimer the '678 Patent will expire on January 25, 2027.


6.      Once the '678 Patent expires, 37 C.F.R. 1.530(j) states, "No enlargement of claim scope. No

amendment may enlarge the scope of the claims of the patent or introduce new matter. ***No amendment***

Application/Control Number: 90/016,033                                                                Page 4
Art Unit: 3992

*may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation*

*of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.*"

(emphasis added).  Thus, once the patent has expired no amendments of the claims will be allowed aside

from the cancellation of claims.

Additionally, in making the determination of whether to order reexamination, the Office will

determine the proper meaning of the patent claims by giving the claims their broadest reasonable

interpretation consistent with the specification (see In re Yamamoto, 740 F.2d 1569 (Fed. Cir. 1984)),

except in the case of an expired patent (in a reexamination involving claims of an expired patent, claim

construction is pursuant to the principle set forth by the court in Phillips v. AWH Corp., 415 F.3d 1303,

1316, 75 USPQ2d 1321, 1329 (Fed. Cir. 2005) (words of a claim "are generally given their ordinary and

customary meaning" as understood by a person of ordinary skill in the art in question at the time of the

invention, see Ex parte Papst-Motoren, 1 USPQ2d 1655 (Bd. Pat. App. & Inter. 1986)).

### *Information Disclosure Statement*

7.      Where the IDS citations are submitted but not described, the examiner is only responsible for

cursorily reviewing the references. The initials of the examiner on the PTO-1449 indicate only that degree

of review unless the reference is either applied against the claims, or discussed by the examiner as

pertinent art of interest, in a subsequent office action.

See Guidelines for Reexamination of Cases in View of In re Portola Packaging, Inc., 110 F.3d

786, 42 USPQ2d 1295 (Fed. Cir. 1997), 64 FR at 15347, 1223 Off. Gaz. Pat. Office at 125 (response to

comment 6).

Consideration by the examiner of the information submitted in an IDS means that the examiner

will consider the documents in the same manner as other documents in Office search files are considered

by the examiner while conducting a search of the prior art in a proper field of search. The initials of the

Application/Control Number: 90/016,033                                                    Page 5
Art Unit: 3992

examiner placed adjacent to the citations on the PTO-1449 or PTO/SB/08A and 08B or its equivalent

mean that the information has been considered by the examiner to the extent noted above.

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and

other such items of information are submitted by a party (patent owner) in compliance with the

requirements of the rules, the requisite degree of consideration to be given to such information will be

normally limited by the degree to which the party filing the information citation has explained the content

and relevance of the information."

**Affidavits, Declarations, or Other Written Evidence**

8.      The Examiner notes that affidavits or declarations or other written evidence which explain the

contents or pertinent dates of prior art patents or printed publications in more detail may be considered in

reexamination (see: MPEP 2258(I)(E)), but any rejection must be based upon the prior art patents or

printed publications as explained by the affidavits or declarations or other written evidence.  The rejection

in such circumstances cannot be based on the affidavits or declarations or other written evidence as such,

but must be based on the prior art patents or printed publications.

9.      The Examiner recognizes that a declaration of Dr. Ian Cullimore (Ex. C) has been referenced in

support of Third-Party Requester.  The declaration has been considered and made of record.  In the instant

case, the submitted Cullimore Declaration at least further explains the contents of the prior art patents and

printed publications in more detail.

10.     The Examiner recognizes that a declaration of Mina Ching (Ex. H) has been referenced in support

of Third-Party Requester.  The declaration has been considered and made of record.  In the instant case,

the submitted Ching Declaration at least further explains the public availability of the Morrison reference.

11.     The Examiner recognizes that a declaration of Lauren Gluckman (Ex. I) has been referenced in

support of Third-Party Requester.  The declaration has been considered and made of record.  In the instant

Application/Control Number: 90/016,033                                                    Page 6
Art Unit: 3992

case, the submitted Gluckman Declaration at least further explains the public availability of the Kazman reference.

12.     The Examiner recognizes that a declaration of Shauna Wiest (Ex. K) has been referenced in support of Third-Party Requester. The declaration has been considered and made of record. In the instant case, the submitted Wiest Declaration at least further explains the public availability of the Morrison reference.

## Prior art cited in the Request

13.     The present request indicates that the Requester considers that a substantial new question of patentability is raised as to claim 1 of the '678 Patent by the following prior art references:

    a.     **Morrison** – "Beginning Mobile Phone Game Programming"

    b.     **Kazman** – "A Simulation Test-bed for Mobile Adaptive Architectures"

    c.     **Linton** – U.S. Patent Application Publication No. 2003/0045298

## Prosecution History

14.     The '678 Patent application was assigned serial number 14/581,475 (hereinafter "the '475 application"), filed December 23, 2014.

        In the final response by patent owner prior to allowance, filed November 17, 2017, the patent owner made the following amendments to the independent claim 1 (patent claim 1):

Application/Control Number: 90/016,033                                                    Page 7
Art Unit: 3992

> 1. (Currently Amended) A system for testing an application for a mobile device comprising:
>
> a software testing interface configured to simultaneously visually simulate, via one or more profile display windows, a plurality of ~~operator~~ network characteristics <u>including at least bandwidth availability</u> indicative of performance of the mobile device when executing the application; wherein <u>the bandwidth availability is based at least in part on bandwidth data predetermined from interactions between one or more mobile devices and at least one operator network</u> ~~software is further configured to simulate a network connection state encountered by the mobile device~~.

In response to the amendments, the application was passed to allowance in the Notice of Allowance mailed January 11, 2018. The rejections of claims under 35 U.S.C. 102(e) in view of Lee et al. was withdrawn in view of the amendments. The examiner provided no reasons for allowance.

Thus, as it currently stands based on the prosecution history of the '186 application, it appears that claim 1 of the '678 Patent were allowed at least in part based on the following limitations:

> *wherein the bandwidth availability is based at least in part on bandwidth data predetermined*
>
> *from interactions between one or more mobile devices and at least one operator network.*
>
> (patent claim 1)

**Substantial New Question of Patentability**

15.     The italicized sections of claim 15 are utilized by the examiner to show how specific teachings of the proposed references create a substantial new question of patentability.

> 1.      A system for testing an application for a mobile device comprising:
>
> a software testing interface configured to simultaneously visually simulate, via one or more profile display windows, a plurality of operator network characteristics including at least bandwidth availability indicative of performance of the mobile device when executing the application; ***wherein the bandwidth availability is based at least in part on***

Application/Control Number: 90/016,033                                                    Page 8
Art Unit: 3992

> *bandwidth data predetermined from interactions between one or more mobile devices*
>
> *and at least one operator network.*

### Morrison in view of Kazman and Linton (SNQ 1)

16.     The Request shows that Morrison in view of Kazman and Linton provides teachings relevant to the determination of patentability regarding the following limitations, for claim 1:

> *wherein the bandwidth availability is based at least in part on bandwidth data predetermined from interactions between one or more mobile devices and at least one operator network.*
>
> See pages 45-47 of the Request, discussion of limitation [1(b)] of independent claim 1.

The Morrison, Kazman, and Linton references was not previously discussed by the previous examiner nor applied to claim 1 in the prior examination of the '678 patent.

It is agreed that Morrison in view of Kazman and Linton raises a substantial new question of patentability with respect to at least independent claim 1 of the '678 Patent.  There is a substantial likelihood that an examiner would consider these new, non-cumulative technological teachings important in deciding whether or not these claims are patentable.

Accordingly, Morrison in view of Kazman and Linton raises a substantial new question of patentability with respect to at least claim 1 of the '678 Patent, a question which has not been decided in a previous examination of the '678 Patent nor was there a final holding of invalidity by the Federal Courts regarding the '678 Patent.

### Scope of Reexamination

17.     Claim 1 will be reexamined as requested.

Application/Control Number: 90/016,033                                                          Page 9
Art Unit: 3992

## *Conclusion*

18.     Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

19.     The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 9,971,678 throughout the course of this reexamination proceeding.  The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

20.     **All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

Electronically: Registered users may submit via Patent Center at https://patentcenter.uspto.gov/.

By Mail to:        Mail Stop *Ex Parte* Reexam
                   Central Reexamination Unit
                   Commissioner for Patents
                   United States Patent & Trademark Office
                   P.O. Box 1450
                   Alexandria, VA 22313-1450

By FAX to:         (571) 273-9900
                   Central Reexamination Unit

By hand:           Customer Service Window
                   Knox Building
                   501 Dulany Street
                   Alexandria, VA 22314

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with

Application/Control Number: 90/016,033                                                    Page 10
Art Unit: 3992

37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating

the date of transmission, which is prior to the expiration of the set period of time in the Office action.

  Any inquiry concerning this communication should be directed to Joshua Campbell at telephone

number (571) 272-4133.


/JOSHUA D CAMPBELL/
Primary Examiner, Art Unit 3992


Conferee:

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992