# Exhibit D

# Order Granting Request for Ex Parte Reexamination

# U.S. Patent No. 10,353,811

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,030 | 03/06/2026 | 10353811 | | 7135 |

97066        7590        04/21/2026
Innovation Capital Law Group, LLP
19900 MacArthur Blvd., Suite 610
Irvine, CA 92612

| EXAMINER |
|---|
| ROSWELL, MICHAEL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 04/21/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER
901 New York Avenue, NW
Washington, DC 20001-4413

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,030* .

PATENT UNDER REEXAMINATION *10353811* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/016,030 | Patent Under Reexamination 10353811 | |
|---|---|---|---|
| | Examiner MICHAEL R ROSWELL | Art Unit 3992 | AIA (FITF) Status Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 03/06/2026 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,   b)☑   PTO/SB/08,   c)☐   Other: _____

1. ☐   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /MICHAEL ROSWELL/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc:Requester ( if third party requester )

Application/Control Number: 90/016,030                                                         Page 2
Art Unit: 3992

## DECISION ON REQUEST FOR EX PARTE REEXAMINATION

This Office Action is in response to a request for reexamination of claims 1, 2, 4, 5, 9, 22, and 24 of US Patent 10,353,811 B2 ("the '811 Patent"), submitted by Requester (3PR) on 6 March 2026.

A substantial new question of patentability affecting claims 1, 2, 4, 5, 9, 22, and 24 of US Patent 10,353,811 B2 is raised by the request for *ex parte* reexamination.


The Requester did not request reexamination of claims 3, 6-8, 10-21, 23, and 25-30 of the '811 Patent and did not assert the existence of a substantial new question of patentability for such claim.  Subsequently, claims 3, 6-8, 10-21, 23, and 25-30 will not be reexamined.  The Office's determination in both the order for reexamination and the examination stage of the reexamination ordered will generally be limited solely to a review of the claim(s) for which reexamination was requested (see MPEP §§ 2240 and 2243).  Additionally, if a Requester fails to set forth the pertinency and manner of applying the cited art to a claim as required by 37 CFR 1.510(b), that claim will generally not be reexamined[1].


### Scope of Reexamination

Claims 1, 2, 4, 5, 9, 22, and 24 **will be** reexamined as requested.

Claims 3, 6-8, 10-21, 23, and 25-30 **are not** subject to reexamination.

---

[1] See *Sony Computer Entertainment America Inc. v. Dudas*, 85 USPQ2d 1594 (E.D. Va 2006). The decision of the District Court upheld the Office's discretion to not reexamine claims in an *Inter Partes* Reexamination proceeding other than those claims for which reexamination had specifically been requested.

Application/Control Number: 90/016,030                                              Page 3
Art Unit: 3992

### *Information Disclosure Statement*

Regarding Information Disclosure Statement (IDS) submissions, MPEP § 2256 recites: "Where patents, publications, and other such items of information are submitted by a party (Patent Owner or Requester) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will normally be limited by the degree to which the party filing the information citation has explained the content and relevance of the document. The initials of the examiner placed adjacent to the citations on the form PTO/SB/08 or its equivalent, without an indication to the contrary in the record, do not signify that the document has been considered by the examiner any further than to the extent noted above."

Accordingly, the IDS submission filed by 3PR on 6 March 2026 has been considered by the Examiner only within the scope required by MPEP § 2256, unless otherwise noted.

### *Summary of Prosecution History*

### US Application 15/979,330

The '811 Patent was filed as US Application 15/979,330 ("the '330 Application") on 14 May 2018 with 30 claims. Claims 1, 9, 16, and 24 were independent claims. A 5 October 2018 Non-Final Office Action rejected claims 1-30 over 35 USC 112(a) and on the grounds of non-statutory double patenting in view of US Patent 7,813,910.

Patent Owner filed a response on 7 January 2019, amending claims 1, 2, 9-11, 15-17, 19, 20, 23-25, and 27-30. Claims 12 and 18 were canceled, and new dependent claims 31 and 32 were added. A terminal disclaimer disclaiming US Patent 7,813,910 was also filed 7 January 2019.

The Office subsequently issued a Notice of Allowability on 5 April 2019, allowing claims 1-11, 13-17, and 19-32. No stated reasons for allowance were provided. The 5 October 2018 Non-Final Office Action included Notice of References Cited that listed 9 prior art documents;

Application/Control Number: 90/016,030                                                                        Page 4
Art Unit: 3992

however, no prior art was particularly discussed in the Non-Final Office Action or Notice of

Allowability.

US Patent 10,353,811 was published on 16 July 2019 with 30 claims, with independent

claims 1, 9, 15, and 22.


**US Applications 14/581,475, 13/673,692, 12/759,543, and 11/449,958**

The '330 Application claimed priority to four related US Applications: US 14/581,475

(now US Patent 9,971,678), 13/673,692 (now US Patent 8,924,192), 12/759,543 (now US

Patent 8,332,203), and 11/449,958 (now US Patent 7,813,910).  A review of the prosecution

history of these applications concluded that no relevant statement of reasons for allowance

relevant to the '330 Application exists.


**Limitations Pertinent to Patentability**

During a review of the fact patterns of the prosecutions histories of the '330 Application

and its parent applications, the Examiner could not locate a definitive statement identifying any

specific allowable limitation relevant to the '330 Application.  As such, for the purposes of this

Reexamination Request, the Examiner has selected the limitation "display simultaneously two or

more graphical images of the application's resource utilization, wherein each graphical image

relates to a different resource", from independent claim 1, as a limitation considered pertinent to

the patentability of the '881 Patent.  Similar limitations from independent claims 9, and 22 are

also selected.

As such, the following limitations are deemed critical to the patentability of the '811

Patent:

(claim 1) display simultaneously two or more graphical images of the application's resource
utilization, wherein each graphical image relates to a different resource

Application/Control Number: 90/016,030                                                      Page 5
Art Unit: 3992

(claim 9) display simultaneously two or more graphical images of the application's resource utilization as it is running, wherein each graphical image relates to a different resource and is synched in time as the application is running

(claim 22) display one or more graphical images of the application's resource utilization

## Prior Art Cited in the Request

The instant Request at 8-9 indicates that the following two (2) prior art references

present substantial new questions of patentability with respect to claims 1, 2, 4, 5, 9, 22, and 24:

- **Morrison** – *Beginning Mobile Phone Gaming Programming* (Sams Publishing), published 5 December 2004

- **Kazman** – *A Simulation Test-bed for Mobile Adaptive Architectures* (Comput. Standards & Interfaces, Vol. 25), published 24 October 2022.

Upon review of the Request, it is noted that **Gaertner** (European Patent Application 0 518 602 A2), published 16 December 1992, was discussed in relation to the requested claims.

As asserted by the Request at 9-10, none of the prior art in the Request were cited during prosecution of the '811 Patent or have been "(A) decided in a final holding of invalidity by a federal court in a decision on the merits involving the claims, after all appeals; (B) decided in an earlier concluded examination or review of the patent by the Office; or (C) raised to or by the Office in a pending reexamination or supplemental examination of the patent", per MPEP § 2242.

## Affidavits, Declarations, or Other Written Evidence

The Examiner recognizes the declarations of Dr. Ian Cullimore (Exhibit C), Mina Ching (Exhibit H), Shauna Wiest (Exhibit I), and Lauren Gluckman (Exhibit J), referenced in support of

Application/Control Number: 90/016,030                                          Page 6
Art Unit: 3992

Third Party Requester.  The declarations have been considered and made of record.  The

Examiner further notes that affidavits or declarations or other written evidence which explain the

contents or pertinent dates of prior art patents or printed publications in more detail may be

considered in reexamination (MPEP § 2258(I)(E)), but any rejection must be based upon the

prior art patents or printed publications as explained by the affidavits or declarations or other

written evidence.


**Substantial New Questions of Patentability**

The presence or absence of a "substantial new question of patentability" determines

whether or not reexamination is ordered.  For a substantial new question of patentability to be

present, it is only necessary that: (A) the prior art patents and/or printed publications raise a

substantial question of patentability regarding at least one claims, i.e., the teaching of the (prior

art) patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and (B) the same

question of patentability as to the claim has not been decided by the Office in an earlier

concluded examination or review of the patent, raised to or by the Office in a pending

reexamination or supplemental examination of the patent, or decided in a final holding of

invalidity (after all appeals) by a federal court in a decision on the merits involving the claim.  If a

reexamination proceeding was terminated/vacated without resolving the substantial question of

patentability question, it can be re-presented in a new reexamination request.  It is not

necessary that a "prima facie" case of unpatentability exist as to the claim in order for a

substantial new question of patentability to be present.  Thus, a substantial new question of

patentability as to a patent claim could be present even if the examiner would not necessarily

reject the claim as either fully anticipated by, or obvious in view of, the prior art patents of

printed publications (see MPEP § 2242(I)).

Application/Control Number: 90/016,030                                                      Page 7
Art Unit: 3992

In a decision to order reexamination made on or after 2 November 2002, reliance on old art does not necessarily preclude the existence of a substantial new question of patentability that is based exclusively on that old art. See Public Law 107-273, 116 Stat. 1758, 1899-1906 (2002), which expanded the scope of what qualifies for a substantial new question of patentability upon which a reexamination may be based.  Determinations on whether a substantial new question of patentability exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.  For example, a substantial new question of patentability may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier examination(s), in view of a material new argument or interpretation presented in the request.  Such material new argument or interpretation may be based solely on claim scope of the patent being reexamined (see: MPEP 2242(II)(A)).

The instant request includes one (1) proposed grounds of rejection[2], reproduced herein (see Request at 9):

| Proposed Grounds | |
| --- | --- |
| 1 | Morrison in combination with Kazman renders obvious claims 1, 2, 4, 5, 9, 22, and 24. |

Claims 1, 9, and 22 are independent claims.  Claims 2, 4, and 5 are dependent claims depending either directly or indirectly from claim 1.  Claim 24 depends from claim 22.

---

[2] As noted above, the Request references and cites to Gaertner in support of the proposed rejection.  See Request at 42-43.  The Examiner has included such reference as a part of the following analysis.

Application/Control Number: 90/016,030                                    Page 8

Art Unit: 3992

### SNQ 1: Claims 1, 2, 4, 5, 9, 22, and 24 in view of Morrison and Kazman

The Request proposes rejections of claims 1, 2, 4, 5, 9, 22, and 24 over **Morrison** and **Kazman**, at 30-58.

The limitations of claims 1, 9, and 22 identified above are deemed critical to the patentability of the '811 Patent.

The critical limitations of independent claim 1 recite**:**

*display simultaneously two or more graphical images of the application's resource utilization, wherein each graphical image relates to a different resource*

### Morrison and Kazman

The **Morrison** reference generally discloses a technical text book that "focuses on mobile-game development in the early 2000s" (Request at 16).  **Morrison** further "discloses software for testing applications on emulated devices during the application development process" (Request at 10).  **Kazman** generally discloses "a 'simulation test-bed for mobile adaptive architectures' whose resource layer simulates hardware resources" (Request at 13).

**Regarding claim 1**, the limitation "*display simultaneously two or more graphical images of the application's resource utilization, wherein each graphical image relates to a different resource*", **Morrison** is asserted to disclose tools for graphically monitoring memory and CPU usage of an emulated device running mobile software being developed.  See Request at 35-37. The Request includes the following screenshots of the aforementioned monitoring tools:

Application/Control Number: 90/016,030                                    Page 9
Art Unit: 3992



*"Memory Monitor Extension"*



*CPU Usage "Profiler"*

Application/Control Number: 90/016,030                                                Page 10
Art Unit: 3992

As attested to in the declaration of Dr. Ian Cullimore (Exhibit C) at 51-52, the software of

**Morrison** may be configured to simultaneously display both of the tools used to monitor

memory and CPU usage.  Page 52 of the Cullimore declaration provides the following

screenshot, purporting to illustrate simultaneous display:



**Kazman** "shows that it was well known to display resource utilization".  Request at 41.

The Request, *id.*, further asserts that Kazman displays "a graphical image showing battery

usage over time", reproduced below:

Application/Control Number: 90/016,030

Page 11

Art Unit: 3992



Lastly, **Gaertner** is cited in the Request at 42-43, to illustrate that "it was known to graphically display multiple different resources simultaneously". The Request at 43 includes the following image in support of such assertion:



Application/Control Number: 90/016,030                                    Page 12
Art Unit: 3992

In view of the above, it is agreed that **Morrison** and **Kazman** (and further, **Gaertner**) raise an SNQ with respect to claim 1 of the '811 Patent. There is substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claim is patentable.

**Claims 2, 4,** and **5,** depend either directly from claim 1, or depend from claim 1 as part of a chain of dependency. Therefore, there is substantial likelihood that a reasonable examiner would consider the teachings of **Morrison** and **Kazman** (as well as **Gaertner**) important in deciding whether or not these claims are patentable.

The **Morrison**, **Kazman**, and **Gaertner** references were not of record in the prior original examination and thus was not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, the proposed combination of **Morrison** and **Kazman**, as well as a combination of **Morrison**, **Kazman**, and **Gaertner**, raises a substantial new question of claims 1, 2, 4, and 5. Such question has not been decided in a previous examination of the '811 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '811 Patent.


**Regarding claim 9**, the Request at 53 notes that the pertinent limitations are "substantively identical to claim 1(e) [the above identified limitation of claim 1] except that claim 9(d) [the critical limitation of claim 9 as identified above] adds that the display is as the application 'is running' and that each graphical image 'is synched in time as the application is running.'" Requester asserts that **Morrison** discloses "monitoring the memory 'live' while the application 'is running'." While **Morrison** at Exhibit PA-1 page 202 (original textbook page 392) states that "memory monitoring is done live", Morrison admits that "profiling…involves analyzing how a MIDlet ran after the fact".

Application/Control Number: 90/016,030                                                Page 13
Art Unit: 3992

The Request at 55 asserts that "**Morrison** already discloses a live trace of monitored and displayed resources with its memory monitor" and that "[a] POSITA (person of ordinary skill in the art) would have recognized that extending this feature to **Kazman**'s battery graphing would allow a developer to view additional information as it was impacting an application, permitting real-time diagnosis of issues related to resource usage."

As such, it is agreed that **Morrison** and **Kazman** raise an SNQ with respect to claim 9 of the '811 Patent. There is substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claim is patentable.

The **Morrison** and **Kazman** references were not of record in the prior original examination and thus was not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Accordingly, the proposed combination of **Morrison** and **Kazman** raises a substantial new question of claim 9. Such question has not been decided in a previous examination of the '811 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '811 Patent.

**Regarding independent claim 22**, the limitation "display one or more graphical images of the application's resource utilization" is encompassed by the scope the identified limitation of at least independent claim 1. As a result, an SNQ raised under similar rationale as discussed for claim 1.

**Claims 24** depends from claim 22. Therefore, there is substantial likelihood that a reasonable examiner would consider the teachings of **Morrison** and **Kazman** (as well as **Gaertner**) important in deciding whether or not these claims are patentable.

The **Morrison**, **Kazman**, and **Gaertner** references were not of record in the prior original examination and thus was not previously discussed by the examiner nor applied to any of the claims in the prior original examination.

Application/Control Number: 90/016,030                                                    Page 14
Art Unit: 3992

Accordingly, the proposed combination of **Morrison** and **Kazman**, as well as a combination of **Morrison**, **Kazman**, and **Gaertner**, raises a substantial new question of claims 22 and 24. Such question has not been decided in a previous examination of the '811 Patent, nor was there a final holding of invalidity by the Federal courts regarding the '811 Patent.

## *35 USC 325(d)*

A review of the post grant history for the underlying patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or Inter Partes Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

## *Conclusion*

**Claims 1, 2, 4, 5, 9, 22, and 24 will be reexamined as requested.**

**Claims 3, 6-8, 10-21, 23, and 25-30 are not subject to reexamination.**

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 USC 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving US Patent 10,353,811 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282, and 2286.

Application/Control Number: 90/016,030                                Page 15
Art Unit: 3992


**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:


Electronically:

    Registered users may submit via Patent Center at https://patentcenter.uspto.gov/


By Mail to:

    Mail Stop *Ex Parte* Reexam
    Central Reexamination Unit
    Commissioner for Patents
    United States Patent & Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450


By FAX to:

    (571) 273-9900
    Central Reexamination Unit


By hand:

    Customer Service Window
    Knox Building
    501 Dulany Street
    Alexandria, VA 22314


For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Application/Control Number: 90/016,030                                    Page 16
Art Unit: 3992

Any inquiry concerning this communication should be directed to MICHAEL ROSWELL,

at (571) 272-4055.  General inquiries should be directed to the Central Reexamination Unit at

telephone number (571) 272-7705.


/MICHAEL ROSWELL/
Primary Examiner, Art Unit 3992

Conferees:
/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992