## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:25-cv-00230 |
| v. | § § § | JURY TRIAL DEMANDED |
| APPLE INC., CAPITAL ONE, N.A., CAPITAL ONE SERVICES, LLC, FROST BANK, and CULLENT/FROST BANKERS, INC., | § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' MOTION TO COMPEL NONPARTY OPENTEXT CORP.'S COMPLIANCE WITH DOCUMENT AND DEPOSITION SUBPOENAS

**TABLE OF CONTENTS**

Factual Background ................................................................................................................ 4

    I.    Wapp Served Document and Deposition Subpoenas to OpenText on April 1st, 2026 ...... 4

    II.    OpenText Refuses to Provide a Date by Which it will Comply ........................................ 5

Arguments .............................................................................................................................. 7

    I.    This Court has Jurisdiction to Enforce the Subpoenas ........................................................ 7

    II.    This Court Should Compel OpenText to Comply with the Subpoenas ............................ 7

        A.    The Subpoenas Narrowly Seek Information Relevant to Marking ............................. 8

        B.    OpenText's Objections Have No Merit ..................................................................... 8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Alacritech Inc. v. Centurylink, Inc.,*
Case No. 2:16-cv-00693, Dkt. 852 (E.D. Tex. Oct. 2, 2023) ...................................................... 8

*Arctic Cat Inc. v. Bombardier Rec. Prods.,*
876 F.3d 1350 (Fed. Cir. 2017) ................................................................................................ 8

*Folkenflik v. Chapwood Capital Inv. Mgmt.,*
No. 4:20-mc-00036, 2020 U.S. Dist. LEXIS 255749 (E.D. Tex. June 5, 2020) ........................ 7

*Packet Intelligence LLC v. NetScout Sys., Inc.,*
965 F.3d 1299 (Fed. Cir. 2020) ................................................................................................ 8

**Rules**

Fed. R. Civ. P. 45 ...................................................................................................................... 9

FED. R. CIV. P. 45(c)(2)(A) ........................................................................................................ 7

Fed. R. Evid. 902(11) ......................................................................................................... 3, 4, 5, 11

Wapp[1] respectfully moves the Court for an order compelling nonparty OpenText Corp. ("OpenText") to: (1) produce four specific software versions sought by Wapp's narrowly tailored subpoenas; and (2) either provide a Fed. R. Evid. 902(11) business records affidavit or offer a witness for deposition on this topic.

Wapp served OpenText with a document subpoena and a deposition subpoena on April 1st, 2026.[2] Ex A (Wapp's Amended Document Subpoena to OpenText); Ex. B (Wapp's Amended Deposition Subpoena to OpenText); Ex. C (OpenText's Response to Wapp's Document Subpoena) at 1; Ex. D (OpenText's Response to Wapp's Deposition Subpoena) at 1. While OpenText produced two of the four requested software products as trial versions, OpenText will not confirm whether these software products include the same functionality as the full-paid versions. Nor has OpenText complied with the remaining aspects of the subpoenas.

Wapp's subpoenas are narrowly tailored to seek only the software necessary for Wapp to carry its burden of proof on compliance with the marking statute. Defendants Apple and Capital One ("Defendants") have identified certain specific versions of OpenText software that they contend are unmarked patented articles. Wapp believes these software products do not meet all asserted claim elements, and intends to prove this by analyzing the software and associated documentation. Discovery closes on July 31, 2026, so Wapp cannot wait any longer. This Court should compel OpenText to comply with Wapp's subpoenas immediately.

---

[1] "Wapp" means Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.
[2] Wapp served OpenText with a previous set of subpoenas on March 20, 2026. These original subpoenas were directed towards a set of software products originally identified by Defendants. Defendants later added additional products, so Wapp amended the original subpoena and served a new set of subpoenas, dated April 1st, 2026.

## FACTUAL BACKGROUND

### I. Wapp Served Document and Deposition Subpoenas to OpenText on April 1st, 2026

Wapp served OpenText with amended document and deposition subpoenas on April 1st, 2026 ("the Subpoenas"). The subpoenas request the production of:

(1) Authentic documents detailing the function, operation, characteristics, and capabilities of the MF Products[3], including but not limited to, manuals, specifications, datasheets, user guides, and release notes;
(2) Authentic documents detailing the dates each identified version of the MF Products were made, offered for sale/license and/or sold/licensed; and
(3) Authentic copies of each software version of the MF Products, in a form that will allow Wapp to test and operate the software.

Ex. A at 7.

To minimize the burden on OpenText, Wapp downloaded publicly available information describing the technical capabilities of the MF Products and their availability for sale (*i.e.*, categories (1) and (2)). Wapp produced these documents to OpenText so that the parties could work on language for a Fed. R. Evid. 902(11) business records affidavit. As a result, this motion concerns only category (3), *i.e.*, authentic copies of the software in a form that allows Wapp to test and operate.

In yet another effort to further reduce the burden on OpenText, Wapp also agreed to narrow its request for software to the *current* versions of the following software products (the "Requested

---

[3] "MF Products" was defined in the Subpoenas as:
    a.  OpenText Professional Performance Engineering: versions 2021 R2 and 26.1, with Network Virtualization;
    b.  OpenText Enterprise Performance Engineering: versions 2021 R2 and 26.1, with Network Virtualization;
    c.  OpenText Core Performance Engineering: versions 2021 R2 (or a contemporaneously released version of version 2021 R2 of products (a) and (b) above) and 26.1, with Network Virtualization;
    d.  The aforementioned products (a), (b), and (c) and version numbers, with OpenText Functional Testing Lab for Mobile and Web, versions 2021 R2 and 26.1; and
    e.  The aforementioned products (a), (b), and (c) and version numbers, with Virtual User Generator, versions 2021 R2 and 26.1.

Software Products"):

- OpenText Professional Performance Engineering (with Network Virtualization).
- OpenText Enterprise Performance Engineering (with Network Virtualization).
- OpenText Core Performance Engineering (with Network Virtualization).
- OpenText Functional Testing Lab for Mobile and Web.

Ex. E (C. Ruiz email to OpenText counsel agreeing to narrow Wapp's request) at 1.

The deposition subpoena seeks testimony from OpenText that the documents and software produced pursuant to Wapp's document subpoena are authentic business records. Ex. B at 7-8. Wapp has told OpenText it can provide a Fed. R. Evid. 902(11) business records affidavit in lieu of a deposition if the parties can agree on mutually acceptable language, which is also acceptable to Defendants.

## II. OpenText Refuses to Provide a Date by Which it will Comply

On April 21, OpenText submitted responses and objections to the Subpoenas. Ex. C (OpenText's Response to Wapp's Document Subpoena) at 1; Ex. D (OpenText's Response to Wapp's Deposition Subpoena) at 1. OpenText did not produce any software. In response to category (3), OpenText agreed to "make available for inspection" most of the requested software products:

> OpenText will make available for inspection, in accordance with Rules 34 and 45 of the Federal Rules of Civil Procedure, only responsive current, supported versions of the requested software, more specifically, OpenText will make available for inspection current versions of the OpenText Professional Performance Engineering program, OpenText Core Performance Engineering, and OpenText Enterprise Performance Engineering software. OpenText will provide licenses to enable access to the current versions of the aforementioned software once Wapp provides the name and contact information of the individual who requires access so that credentials may be issued. OpenText will not make available the OpenText Functional Testing Lab for Mobile and Web, and Virtual User Generator software.

Ex. C (OpenText's Response to Document Subpoena) at 23.

As requested by OpenText, on April 23, Wapp provided the "contact information of the

individual who requires access….” Ex. E (April 23rd C. Ruiz Email to OpenText Counsel identifying Mr. Matt McKune) at 6. However, on May 4, in a sudden reversal, OpenText stated it would “not produce Professional or Enterprise Performance Engineering.” Ex. E (May 4th J. Guerra Email to Wapp counsel) at 4. As to OpenText Core, OpenText noted it “is prepared to make Core Performance Engineering (latest version, 26.2) available for inspection via a controlled cloud trial.” *Id.*

On May 6 and 12, the parties met and conferred again, but OpenText could not promise a date certain by which it would make the software available. On May 19, OpenText made available copies of two of the Requested Software Products: the Core Performance Engineering and Professional Performance Engineering. These copies, however, are 30-day trial versions. OpenText has not confirmed whether they contain the same functionality that a fully-paid version would contain. OpenText has not made available copies of the other two Requested Software Products.

OpenText counsel has been amenable to continue discussions over a Fed. R. Evid. 902(11) business records affidavit, but this affidavit cannot be finalized until OpenText fully complies with the requests to produce documents and software.

In summary, OpenText initially agreed in writing to provide current versions of the Requested Software Products (with the exception of OpenText Functional Testing Lab for Mobile and Web version 26.1) but has since walked back those commitments. While OpenText produced two of the four Requested Software Products, it has not confirmed whether they are representative of fully-paid versions. OpenText has not produced the other two Requested Software Products: OpenText Enterprise Performance Engineering and OpenText Functional Testing Lab for Mobile and Web. As of the filing of this motion, OpenText refuses to provide a date certain by which it

will comply with the Subpoenas.

## ARGUMENTS

### I. This Court has Jurisdiction to Enforce the Subpoenas

This Court has the power to compel OpenText because the subpoena lists the Eastern District of Texas as the place of compliance. *See Folkenflik v. Chapwood Capital Inv. Mgmt.*, No. 4:20-mc-00036, 2020 U.S. Dist. LEXIS 255749, at *9 (E.D. Tex. June 5, 2020) ("Under Rule 45, the Compliance Court [the court for the district where compliance is required] has responsibility for matters relating to the enforcement of the subpoena, including motions to quash or modify a subpoena.").

The Eastern District of Texas is a proper place of compliance. The Federal Rules provide: "A subpoena may command. . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. . . ." FED. R. CIV. P. 45(c)(2)(A). In addition, the Federal Rules provide: "A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person. . . ." FED. R. CIV. P. 45(c)(1)(A).

OpenText has at least two locations that are located within 100 miles of this Court. OpenText has an office at 15725 Dallas Pky, Two Addison Circle, Dallas, Texas 75001, which is about 49 miles away from the Court, and another office at 2711 N. Haskell Ave., Suite 2300, Dallas, Texas 75204, which is about 59 miles from the Court. Ex. F (OpenText's First Dallas location) at 2; Ex. G (OpenText's Second Dallas location) at 2; Ex. H (Maps showing distances to the Courthouse). OpenText regularly transacts business in each of these locations.

### II. This Court Should Compel OpenText to Comply with the Subpoenas

This Court should compel OpenText to comply with the Subpoenas because the Subpoenas

seek highly relevant information necessary for Wapp to meet its burden of compliance on marking, and OpenText's objections have no merit.

### A. The Subpoenas Narrowly Seek Information Relevant to Marking

Wapp's subpoenas are narrowly tailored and only ask OpenText to produce the software versions that Defendants identified in their interrogatory response as relevant to Defendants' marking defense. In other words, Defendants contend that the Requested Software Products are unmarked patented articles. Wapp does not agree with Defendants' contention and contends that those software products did not need to be marked.

To meet Wapp's burden, Wapp needs to evaluate the functionality of the Requested Software Products and show how those products do not practice all claim elements of the patents-in-suit. "Once a party satisfies its burden of identifying unmarked product it believes practice a specific patent, the burden shifts to the other party to prove the unmarked products do not practice at least one claim of that patent." *Alacritech Inc. v. Centurylink, Inc.,* Case No. 2:16-cv-00693, Dkt. 852, at *8 (E.D. Tex. Oct. 2, 2023) (*citing Packet Intelligence LLC v. NetScout Sys., Inc.,* 965 F.3d 1299, 1313 (Fed. Cir. 2020)). Wapp bears the burden of proof to show it complied with the marking statute. *See Arctic Cat Inc. v. Bombardier Rec. Prods.,* 876 F.3d 1350, 1367 (Fed. Cir. 2017) ("The burden of proving compliance with marking is and at all times remains on the patentee.").

Wapp has ensured that its requests are narrowly tailored. Wapp is only seeking the current versions of the Requested Software Products identified by Defendants as relevant to their marking defense. Wapp needs to be able to test the software products and show that the Requested Software Products do not practice all claim elements of the patents-in-suit.

### B. OpenText's Objections Have No Merit

OpenText objects on two main grounds: (1) that the subpoena requests are unduly

8

burdensome and not proportional to the needs of the case; and (2) that the software products are available online for Wapp to do a free trial or purchase[4] and download. The Court should overrule these objections.

The Subpoenas are not unduly burdensome and are proportional to the needs of the case. As discussed above, the Subpoenas were narrowly tailored to seek only the information required for Wapp to meet its burden of proving compliance with the marking statute. The Requested Software Products are the specific products and version numbers that Wapp needs to analyze to rebut Defendants' contentions and show compliance with the marking statute.

As to the two Requested Software Products that OpenText made available, OpenText has been unable to confirm whether the trial versions contain the same functionality as fully-paid versions. Unable to confirm that, Wapp is forced to file this motion and request that the Court order OpenText to produce software products that are representative of fully-paid versions, *i.e.*, with the same functionality as fully-paid versions.

But even if the trial versions that OpenText produced were representative of fully-paid versions, OpenText still has not produced the other two Requested Software Products: Enterprise and Functional Testing Lab. OpenText has equally failed to commit to producing those products. Unlike the two that OpenText already produced, these software products do not appear to have trial versions available online that Wapp can install and operate.

Wapp has repeatedly articulated to OpenText that it would follow whatever process is the least burdensome for OpenText that gives Wapp access to the Requested Software Products. For

---

[4] During a meet and confer, OpenText counsel suggested that Wapp would need to pay $2 million dollars to access the software. To the extent OpenText expects Wapp to pay $2 million dollars for a limited license to rebut Defendants' marking allegations, such request is unreasonable and contrary to a nonparty's obligations under Fed. R. Civ. P. 45.

example, in the case against Micro Focus (OpenText's predecessor), Micro Focus made available via a remote desktop a link that allowed Wapp to test the software. OpenText could provide a similar link to the software that also allows Defendants to test the software via a limited license.[5] Wapp is willing to work with OpenText to gain access to the Requested Software Products within a reasonable timeframe in a way that minimizes burden.

In short, Wapp served these subpoenas two months ago. OpenText had largely agreed to produce the software requested by the Subpoenas, but has since walked back those commitments as described above. To date, OpenText has failed to confirm whether the two software products that were produced are representative of fully-paid versions, has failed to produce two of the Requested Software Products, continues to waffle about what it is actually agreeing to do, and refuses to provide a date certain by which the required production will occur. After weeks of unsuccessful meet and confers, it has become clear that Wapp cannot timely obtain the requested documents and software without a Court order.

**CONCLUSION**

Wapp respectfully requests that the Court compel OpenText to comply with Wapp's subpoenas by producing: Authentic copies of the following software (executables) versions in a form that will allow Wapp to test and operate the software and is representative of fully-paid versions:

1. OpenText Professional Performance Engineering (with Network Virtualization), current version.
2. OpenText Enterprise Performance Engineering (with Network Virtualization), current version.

---

[5] OpenText has the means to provide access and a limited license to Wapp through the close of expert discovery. In its User End License Agreement, OpenText references "Evaluation Licenses" which allow a use "to use Licensed Products for internal evaluation and testing purposes only, and not for any development, production, distribution or commercial purpose." OpenText could provide its software within a similar license to Wapp.

3. OpenText Core Performance Engineering (with Network Virtualization), current version.

4. OpenText Functional Testing Lab for Mobile and Web, current version.

If OpenText represents that the trial versions produced are representative of fully-paid versions, then Wapp's request would be limited to items 2 and 4.

In addition, Wapp respectfully requests that the Court compel OpenText to provide a Fed. R. Evid. 902(11) business records affidavit or offer a witness for deposition on this topic.

DATED: June 1, 2026                    Respectfully submitted,

By:  /s/ *Carlos I. Ruiz*
Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Alden G. Harris
State Bar No. 24083138
aharris@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
Carlos I. Ruiz
State Bar No. 24110614
cruiz@hpcllp.com
Blaine A. Larson
State Bar No. 24083360
blarson@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

J. Michael Young
WYNNE, SMITH & YOUNG, PLLC
State Bar No. 00786465
707 W. Washington
Sherman, Texas 75092

11

(909) 893-8177
(903) 892-0916 (fax)
E-mail: myoung@wynnesmithlaw.com

**ATTORNEYS FOR PLAINTIFFS
WAPP TECH LIMITED PARTNERSHIP and
WAPP TECH CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record and OpenText's counsel via email on June 1, 2026.

/s/ Carlos I. Ruiz
Carlos I. Ruiz

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that Wapp and nonparty

OpenText conferred about this Motion at least on May 12th, 2026, and May 14th, 2026. Wapp was

represented by Blaine Larson, Alden Harris, and Carlos Ruiz. OpenText was represented by

Timothy Carroll and Josue Guerra. As described in the Motion above, Wapp and OpenText are

conclusively at an impasse, leaving an open issue for the Court to resolve.

/s/ Carlos I. Ruiz
Carlos I. Ruiz