# Exhibit B

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP, et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:25-cv-00230 |
| APPLE INC., CAPITAL ONE, N.A., et al | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:             Open Text Corp., by and through its registered agent and counsel:
Corporation Service Company D/B/A CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Exhibit A

| Place: Wynne, Smith & Young, PLLC<br>707 West Washington Street<br>Sherman, Texas 75092 | Date and Time:<br>04/17/2026 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and/or videographically

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    4/1/2026

CLERK OF COURT

OR

_____          /s/ Carlos I. Ruiz
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
 WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.          , who issues or requests this subpoena, are:
Carlos Ruiz, Heim Payne & Chorush LLP, 609 Main St, Ste 3200, Houston, TX 77002, Ph# 713-221-2000,
Email: cruiz@hpcllp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:25-cv-00230

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | |
| Plaintiffs, | Civil Action No. 4:25-cv-00230 |
| v. | |
| APPLE INC., CAPITAL ONE, N.A., CAPITAL ONE SERVICES, LLC, FROST BANK, and CULLEN/FROST BANKERS, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

**AMENDED SUBPOENA DUCES TECUM AND**
**NOTICE OF DEPOSITION OF OPEN TEXT CORP.**

To:    Open Text Corp., by and through its registered agent and counsel: Corporation Service Company D/B/A CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701.

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Open Text Corporation ("Micro Focus") is hereby ordered to produce, on April 14, 2026, all documents and software products in its possession, custody or control that fall within the scope of the "Documents to Produce" set forth in Exhibit A. Such production will be for the purpose of inspection and copying.

Please take further notice that, pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Wapp Tech Limited Partnership and Wapp Tech Corp. ("Wapp") will take the deposition of the designated representative(s) of Micro Focus Text best able to testify as to the "Topics for Deposition" set forth in Exhibit A. Micro Focus has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the topics listed in Exhibit A. The deposition will be taken at Wynne, Smith & Young,

PLLC, 707 West Washington Street, Sherman, Texas 75092, on April 17th, 2026. The deposition will be taken for the purpose of discovery, to perpetuate the testimony of the witness(es) for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure. The deposition will be transcribed by stenographic means and by videotape. The deposition will continue from day to day until completed, excepting Saturdays, Sundays, and holidays, or as agreed to by the parties.

DATED: April 1, 2026

Respectfully submitted,

/s/ Carlos I. Ruiz
Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Alden Harris
State Bar No. 24083138
aharris@hpcllp.com
Blaine A. Larson
Texas Bar No. 24083360
blarson@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
Carlos I. Ruiz
State Bar No. 24110614
cruiz@hpcllp.com
Blaine A. Larson
State Bar No. 24083360
blarson@hpcllp.com
**HEIM PAYNE & CHORUSH LLP**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: 713-221-2000
Facsimile: 713-221-2021

J. Michael Young
**WYNNE, SMITH & YOUNG, PLLC**
Texas State Bar No. 00786465
707 W. Washington
Sherman, Texas 75092
(903) 893-8177
(903) 892-0916 (fax)
E-mail: myoung@wynnesmithlaw.com

**ATTORNEYS FOR PLAINTIFFS**
**WAPP TECH LIMITED PARTNERSHIP AND**
**WAPP TECH CORP.**

2

# EXHIBIT A

## Definitions

The following definitions apply to this Notice:

1.     The terms "Micro Focus," "You" and/or "Your" refer to Open Text Corp., as well as any of its past and present affiliates, operating divisions, parent corporations, subsidiaries (including Micro Focus, LLC), directors, officers, agents, employees, representatives, and all predecessors in interest to Open Text Corp.

2.     The term "MF Products" refers to the following products and version numbers:
   a. OpenText Professional Performance Engineering: versions 2021 R2 and 26.1, with Network Virtualization;
   b. OpenText Enterprise Performance Engineering: versions 2021 R2 and 26.1, with Network Virtualization;
   c. OpenText Core Performance Engineering: versions 2021 R2 (or a contemporaneously released version of version 2021 R2 of products (a) and (b) above) and 26.1, with Network Virtualization;
   d. The aforementioned products (a), (b), and (c) and version numbers, with OpenText Functional Testing Lab for Mobile and Web, versions 2021 R2 and 26.1; and
   e. The aforementioned products (a), (b), and (c) and version numbers, with Virtual User Generator, versions 2021 R2 and 26.1.

3.     The terms "Wapp" or "Plaintiff" refer to Wapp Tech Limited Partnership and Wapp Tech Corp.

4.     The term "Lawsuit" refers to the case styled *Wapp Tech Limited Partnership and Wapp Tech Corp. v. Apple Inc., Capital One, N.A., Capital One Services, LLC, Frost Bank, and Cullen/Frost Bankers, Inc.,* No. 4:25-cv-00230-ALM; pending in the United States District Court for the Eastern District of Texas, Sherman Division.

5.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. The term "document" includes any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

7. The term "thing" refers to any tangible object or information embodied in a tangible object other than a document and includes objects of every kind and nature including, but not limited to, devices, computer data, computer programs, prototypes, models, and specimens.

8. As used herein, any references to a particular entity (such as a corporation) include that entity and all its divisions, departments, domestic and foreign subsidiaries, branches, parents, affiliates, domestic and foreign subsidiaries of parents, affiliates, partners, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, entities acting in joint-venture or partnership relationship with that particular entity, and all other persons or entities purporting to act on behalf of or in concert with that particular entity or any of its divisions, departments, subsidiaries, parents, affiliates, partners, branches, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, and representatives.

9. The terms "and," "and/or," and "or" shall be construed to mean "and" or "or" in such a manner as to encompass the broadest possible scope of requested documents, things, or information, and not so as to permit the option of providing some requested documents, things, or information instead of others.

10. The term "any" shall be construed to mean any and all requested documents, things, or information inclusively, and not so as to permit the option of providing some requested documents, things, or information instead of others.

11. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

12. The terms "relating to," "reflecting," "referring to," "concerning," or "evidencing," unless otherwise indicated mean including, evidencing, concerning, summarizing, demonstrating, constituting, relating to, reflecting, referring to, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

13. The term "Identify," when used with reference to:

   a. an individual person, means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

   b. a business entity, means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

   c. a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

   d. a product, system or method, means to specify a part number, trade name, catalog number, version number, and any other designation used to refer to the product, system or method.

**Instructions**

5

1.     You are requested to produce all documents and things in the following categories that are in your possession, custody, or control, in their entirety and without redaction or expurgation. "Possession, custody, or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those documents and things in the hands of any other person that You have the ability to demand or to gain access to in the ordinary course of business. Each copy, alteration, or other version of a document or thing is considered a separate document or thing, and must be produced.

2.     If any document is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document, (vi) a description of the document, (vii) an identification of the privilege or protection claimed, (viii) a brief explanation of the basis of your claim of privilege or other protection, and (ix) all of other facts or information You are relying on to assert a claim of privilege or other protection.

3.     Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of a Protective Order entered by the Court in the underlying Lawsuit.

4.     Wapp requests that all electronically stored information be produced as single page, searchable .tiff images with load files that denote document breaks. To the extent that you are unable or unwilling to produce electronically stored information in the requested format, Wapp requests that electronically stored information be produced in its native format.

5.     If you know of the existence, past or present, of any document(s) described or requested below, but are unable to produce such document(s) because it is not presently within your possession, custody, or control, please identify the document(s) and the person who has possession of such document(s).

6.   If any document called for by Documents to Produce has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether or not any copies of the document presently exist and, if so, the name of the custodian for each copy.

7.   If You cannot timely provide a full and complete production to any numbered request below, You should timely produce documents to the fullest extent possible, specifying the documents You are unable to produce and providing whatever information You have regarding the unproduced documents.

**Documents to Produce**

1.   Authentic documents detailing the function, operation, characteristics, and capabilities of the MF Products, including but not limited to, manuals, specifications, datasheets, user guides, and release notes.

2.   Authentic documents detailing the dates each identified version of the MF Products were made, offered for sale/license and/or sold/licensed, and ceased to be offered for sale/license and/or sold/licensed.

3.   Authentic copies of each software version of the MF Products, in a form that will allow Wapp to test and operate the software.

**Topics for Deposition**

1.   The topics identified above in the "**Documents to Produce**."

2.   The identification of any documents or things produced pursuant to this subpoena.

3.   The authenticity of the documents or things produced pursuant to this subpoena.

4.   The circumstances under which the documents or things produced pursuant to this subpoena were made and kept, including confirmation or denial that the documents and things

7

produced pursuant to this subpoena were (a) made at or near the time by—or from information transmitted by—someone with knowledge, (b) kept in the regular course of Your business, and (c) made as a regular practice of Your business.

5.    The accuracy and/or trustworthiness of the documents or things produced pursuant to this subpoena.

6.    Micro Focus's document retention policy.

7.    Micro Focus's information technology systems that store any document or thing produced in response to this subpoena

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CASE NO. 4:25-cv-230-ALM |
| APPLE INC., CAPITAL ONE, N.A., CAPITAL ONE SERVICES, LLC, FROST BANK, and CULLEN/FROST BANKERS, INC., | § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## <u>PROTECTIVE ORDER</u>

Plaintiffs WAPP Tech Limited Partnership and WAPP Tech Corp. ("Plaintiffs") and Defendants Apple Inc. ("Apple"), Capital One, N.A., Capital One Services, LLC, Frost Bank, and Cullen/Frost Bankers, Inc. (collectively with Apple, "Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.     **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     To the extent that any one of the Defendants in this litigation provides Protected Material under the terms of this Protective Order to Plaintiffs, Plaintiffs shall not share that material with the other Defendants in this litigation, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

(c)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

**PROTECTIVE ORDER – PAGE 2**

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Patents-in-suit" means U.S. Patent Nos. 8,924,192, 9,298,864, 9,971,678, 10,353,811, and 10,691,579, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) materials that have been actually published or publicly disseminated, unless such materials were improperly published or publicly disseminated without the Producing Party's consent; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), object code listings, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware

**PROTECTIVE ORDER – PAGE 3**

design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

### 3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

### 4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

PROTECTIVE ORDER – PAGE 4

5.      **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiffs who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit, including authoring environments for mobile applications, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the subject matter of the patents-in-suit, including authoring environments for mobile applications.  This Patent Prosecution Bar does not prohibit persons from participating in or representing a party in reexamination

**PROTECTIVE ORDER – PAGE 5**

proceedings, reissue proceedings, post-grant review proceedings, inter partes review proceedings, or covered business method review proceedings, provided the person (1) does not rely upon or use Protected Material in those proceedings and (2) does not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end twelve (12) months after the final resolution of this action, including all appeals.

(c)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material produced by Apple may not be exported outside the United States or released to any foreign national (even if within the United States).

(d)     Artificial Intelligence (Generative AI). Receiving Parties shall also implement restrictions regarding the disclosure or use of Producing Parties' Protected Material in any generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar technology. Such restrictions must limit the collection, storage, disclosure, use of, or access to Producing Parties' Protected Material solely to personnel and purposes authorized by this Order. The restrictions must, at a minimum, prohibit the disclosure or use of Producing Parties' Protected Material in any such technology that is (1) accessible by anyone not permitted by this Protective Order to have access or (2) will capture entered data in order to train what is accessible by anyone not permitted by this Protective Order to have access. Before a Receiving

**PROTECTIVE ORDER – PAGE 6**

Party transfers any Producing Party's Protected Material to be analyzed by such technology, the Receiving Party shall make reasonably sure that it can delete all such Protected Material and any derivatives from the platform at the Final Disposition of this action, as defined in Section 20. The Receiving Party will be responsible for destroying such Protected Material following Final Disposition, including any machine-learning models trained on Protected Material. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

(e) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(f) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(g) <u>Cross-Production of Defendant Confidential Material</u>. No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Notwithstanding the provisions of this Protective

**PROTECTIVE ORDER – PAGE 7**

Order, Plaintiffs shall not disclose one Defendant's Protected Material to any other Defendant without the express prior written consent of the Defendant that produced the Protected Material.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or

**PROTECTIVE ORDER – PAGE 8**

shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file, and which states that such print was "Created from Natively Produced Document."

(d)     Depositions and Testimony.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by

**PROTECTIVE ORDER – PAGE 9**

the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the

**PROTECTIVE ORDER – PAGE 10**

provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

**PROTECTIVE ORDER – PAGE 11**

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  Such information may include, for example: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

PROTECTIVE ORDER – PAGE 12

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; and (f) no more than five outside experts or consultants[1] retained by any Party may access "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Discovery Material produced by any adverse Party;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)       Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and clerical staff, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

**PROTECTIVE ORDER – PAGE 13**

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

(c)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v.*

**PROTECTIVE ORDER – PAGE 14**

*United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; and (e) no more than four outside experts or consultants[2] retained by any Party may access "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material produced by any adverse Party;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and clerical staff, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

**PROTECTIVE ORDER – PAGE 15**

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

## 11.     DISCLOSURE AND REVIEW OF SOURCE CODE

(a)     Any Source Code that is produced by Plaintiffs shall be made available for inspection in electronic format at the Houston office of its outside counsel, Heim, Payne & Chorush LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the San Francisco office of its outside counsel, Covington & Burling LLP, or any other location mutually agreed by the Parties. Any Source Code produced by Capital One will be made available for inspection at the Washington, D.C. office of its outside counsel, Latham & Watkins LLP. Any Source code that is produced by Frost will be made available for inspection at the Dallas, Texas office of its outside counsel, Baker Botts, LLP.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide five (5) days notice prior to any additional inspections.

**PROTECTIVE ORDER – PAGE 16**

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that permit text viewing and keyword searching of the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computers, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools that are reasonably necessary for the Receiving Party to perform its review of the Source Code efficiently and consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the media containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

**PROTECTIVE ORDER – PAGE 17**

(ii) No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii) The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. The producing Party shall provide a Note Taking Computer in the Source Code Review Room that the receiving Party's outside counsel and/or experts can use to take electronic notes relating to the Source Code. The Note Taking Computer shall have Microsoft Word installed for the purpose of note taking. The producing Party may disable the networking capabilities of the Note-Taking Computer and the receiving Party shall not connect the Note Taking Computer to any network. At the end of each day of inspection, the producing Party shall provide a laser printer with which the receiving Party may print notes from the Note Taking Computer under the supervision of the producing Party. Such print-outs of notes shall not count against the source-code-printing page limits set forth in Paragraph 11(v). Notes taken on the Note Taking Computer shall be subject to the same restrictions as hand-written notes. Notes taken on the Note-Taking Computer may, at the receiving Party's election, be saved on that computer, and made available to the receiving Party's reviewer(s) on subsequent days of inspection. The producing Party will not view, attempt to access, or attempt to review any such notes saved on the Note-Taking Computer. The receiving Party may not copy Source Code into the notes but may make reference to words, phrases, and passages that appear in such Source Code.

(iv) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no

**PROTECTIVE ORDER – PAGE 18**

unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)      No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). The Receiving Party shall not request to print  more than twenty-five (25) consecutive pages and no more than  six hundred(600) pages in total of the Producing Party's source code throughout the duration of this action, without prior written approval by the producing Party, such approval to be granted or denied within three (3) business days of the Receiving Party's request and such approval not to be unreasonably requested or withheld. In no event shall the Receiving Party print source code for the purpose of reconstructing the Producing Party's product or application, or resulting in printing more than twenty-five percent (25%) of the source code for any version of any published software product. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within  ten(10) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii)

**PROTECTIVE ORDER – PAGE 19**

inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the Source Code print request is unreasonable.  The burden shall be on the Receiving Party to demonstrate that such printed portions are reasonable. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  The Producing Party may maintain a daily log of the names of persons who enter the room to view the Source Code Material and when they enter and depart. If the Producing Party elects to maintain such a log, all persons viewing Source Code shall sign it and note when they enter and depart.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the

**PROTECTIVE ORDER – PAGE 20**

Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Reviewers and/or recipients need only log their access the first time they access the Source Code, not on each subsequent review.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The printed copies may only be transported by the Receiving Party at the direction of a person authorized under this Order to another person authorized under this Order, via hand carry, Federal Express or other similarly reliable courier.

(x)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the

**PROTECTIVE ORDER – PAGE 21**

Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least three (3) days before the date of the deposition, the Receiving Party shall notify the Producing Party if it wishes to use Source Code at the deposition, and the Producing Party shall bring either (per the Producing Party's preference) a secured computer capable of displaying code or printed copies of all previously Bates-stamped code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party

**PROTECTIVE ORDER – PAGE 22**

agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Reviewers and/or recipients need only log their access the first time they access the Source Code, not on each subsequent review. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a) Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

**PROTECTIVE ORDER – PAGE 23**

(iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, relating to the design, development, operation, or patenting of mobile device emulation technology, or relating to the acquisition of intellectual property assets relating to mobile device emulation technology;

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of one (1) year after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of mobile device emulation technology, or the acquisition of intellectual property assets relating to mobile device emulation technology.

(b)      Within ten (10) days of receipt of the disclosure of the Person, the Producing Party may object in writing to the Person for good cause. In the absence of an

**PROTECTIVE ORDER – PAGE 24**

objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order as to that Party. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, the objecting Party's designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)      For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)      Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)      An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the

**PROTECTIVE ORDER – PAGE 25**

date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) days after the meet and confer, further Protected Material may thereafter be provided to the Person.

### 13.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any

**PROTECTIVE ORDER – PAGE 26**

presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.    **DATA SECURITY**

(a)    Receiving Party shall exercise reasonable care to safeguard Protected Materials, which is at least the same standard of care exercised by the Receiving Party with respect to the storage, custody, use, and/or dissemination of its own proprietary or confidential information. These protections shall include appropriate administrative, physical, and technical safeguards, including the appropriate use of network security, encryption technologies, and multi-factor authentication.

(b)    Any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials shall be treated as an inadvertent disclosure not authorized by order pursuant to Section 19 of this Order.

15.    **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**PROTECTIVE ORDER – PAGE 27**

16. **FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized, in accordance with the Court's rules, procedures, and orders, to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

17. **DISCLOSURE OF PRIVILEGED MATERIAL**

(a) Pursuant to Fed. R. Evid. 502(d), the production of any Discovery Material, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to that Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

(b) Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

18. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless the Receiving Party knew or should have known that such Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS'

**PROTECTIVE ORDER – PAGE 29**

EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

19. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)  In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20. **FINAL DISPOSITION**

(a)  Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)  All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the

**PROTECTIVE ORDER – PAGE 30**

Producing Party or destroyed.  Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests, deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material for archival purposes only, except that counsel shall not be entitled to maintain copies of any such documents which contain Source Code—such documents shall be destroyed or returned. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

21.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)    Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

PROTECTIVE ORDER – PAGE 31

22.    **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential,

**PROTECTIVE ORDER – PAGE 32**

which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders.

**IT IS SO ORDERED.**

**SIGNED this 14th day of January, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**PROTECTIVE ORDER – PAGE 33**

# EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *WAPP Tech Limited Partnership v. Apple Inc.*, United States District Court, Eastern District of Texas, Sherman Division, Civil Action No. 4:25-cv-00230.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]