# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC., *et al.*,<br><br>　　　　　　　　Defendants. | C.A. No. 4:25-cv-00230-ALM |

**NONPARTY OPENTEXT CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and the Local Rules for the Eastern District of Texas ("Local Rules"), Nonparty OpenText Corp. ("OpenText") hereby responds and objects to Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s (collectively, "Wapp" or "Wapp Tech") April 1, 2026 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"). Without obligating itself to do so, OpenText reserves the right to amend or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, interpretations, contentions, and/or legal theories which may apply.

**DEFINITIONS**

1.　　　"General Objections" means the general objections, privileges, and reservations of rights set forth in this document, which are incorporated into each individual response and objection to the Requests as if fully set forth therein.

2.     "Lawsuit" means the civil action captioned *Wapp Tech Limited Partnership and Wapp Tech Corp. v. Apple Inc., Capital One, N.A., Capital One Services, LLC, Frost Bank, and Cullen/Frost Bankers, Inc.*, No. 4:25-cv-00230-ALM, pending in the United States District Court for the Eastern District of Texas, Sherman Division.

3.     "Local Rules" means the Local Rules for the Eastern District of Texas.

4.     "OpenText" means non-party OpenText Corp.

5.     "Protective Order" means the Protective Order entered in the Lawsuit between the parties thereto.

6.     "Request" or "Requests" means the document requests set forth in Plaintiffs' Subpoena, dated April 1, 2026, to which these Responses and Objections are directed.

7.     "Topic" or "Topics" means the topics for deposition identified in the Plaintiffs' Subpoena, dated April 1, 2026 including the topics set forth in the "Topics for Deposition" section thereof.

8.     "Subpoena" means Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s April 1, 2026, Amended Subpoena Duces Tecum and Notice of Deposition, served on OpenText in the Lawsuit.

9.     "Wapp" means Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp., collectively.

### OBJECTIONS TO DEFINITIONS

1.     OpenText objects to the definition of "You" and "Your" to the extent it seeks to impose an obligation greater than that imposed under the Federal Rules of Civil Procedure or any of the Local Rules. OpenText further objects to this definition as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense

2

in this Lawsuit or  seeks privileged information. OpenText further objects to this definition insofar as it implicates any of OpenText's past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest without any time limitation.

2.      OpenText objects to the definition of "MF Products" to the extent it is overbroad and unduly burdensome. The definition includes 18 purported variants of the same software by demanding not only multiple products, but also multiple versions of those products and multiple configurations of each version. This definition is overly broad, is not proportional to the needs of the case, and imposes an undue burden and expense by demanding production of software configurations OpenText does not ordinarily create, distribute, or preserve. Compliance would require OpenText to create, reconstruct, or configure an unreasonably large volume of software materials in forms that OpenText does not maintain. The sheer quantity of software demanded (spanning multiple versions and configurations) renders this definition not proportional to the needs of the case and imposes an undue and unnecessary burden. Additionally, any marginal evidentiary value of such an expansive definition is substantially outweighed by the burden and security risk associated with recreating and producing unsupported or legacy software configurations.

3.      OpenText objects to the definition of "MF Products" because the definition is vague, ambiguous, and indefinite. The definition is unclear and internally inconsistent. The definition references "the aforementioned products (a), (b), and (c) and version numbers," and then separately lists OpenText Functional Testing Lab for Mobile and Web, versions 2021 R2 and 26.1, and Virtual User Generator, versions 2021 R2 and 26.1, in relation to versions of the software in sections (a), (b), and (c).  However, both the Virtual User Generator and Functional Testing Lab

for Mobile and Web are standalone products and not configurations of the software mentioned in subsection (a), (b), and (c). The software historically known as "LoadRunner" is a legacy product name that has been carried forward through successive rebranding. As reflected on the Micro Focus product lifecycle page (https://www.microfocus.com/lifecycle/), "LoadRunner" now refers to three distinct OpenText products: OpenText Professional Performance Engineering, OpenText Enterprise Performance Engineering, and OpenText Core Performance Engineering. Similarly, the product formerly known as "LoadRunner Cloud" corresponds to OpenText Core Performance Engineering. The LoadRunner versions produced in response to this subpoena therefore correspond to the products identified in subsections (a), (b), and (c) of the definition of "MF Products": OpenText Professional Performance Engineering, versions 2021 R2 and 26.1, with Network Virtualization; OpenText Enterprise Performance Engineering, versions 2021 R2 and 26.1, with Network Virtualization; and OpenText Core Performance Engineering, versions 2021 R2 (or a contemporaneously released version of version 2021 R2 of products (a) and (b) above) and 26.1, with Network Virtualization.

4.      OpenText objects to the definition of "MF Products" at subsection (d) and (e), which reference the Virtual User Generator and OpenText Functional Testing Lab for Mobile and Web software because the request is unduly burdensome, not proportional to the needs of the case, and would impose unnecessary expense on OpenText. These programs are separate and distinct software products and are not automatically tied to the OpenText Professional Performance Engineering, OpenText Enterprise Performance Engineering, or OpenText Core Performance Engineering software referenced in subsections (a), (b), and (c) of the definition of "MF Product." Requiring OpenText to collect documents and information relating to software that is independent

of other products identified in the definition of "MF Product" would therefore be unduly burdensome and not proportional to the needs of the case.

5.    OpenText objects to the definition of "document" to the extent it seeks to impose an obligation greater than that imposed under the Federal Rules of Civil Procedure or any of the Local Rules.

6.    OpenText objects to the definition of "relating to," "reflecting," "referring to," "concerning," or "evidencing," to the extent it seeks to encompass documents or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection from discovery.

7.    OpenText objects to the definition of "communication" insofar as it purports to include transfers of information that do not have corporeal form on the ground that, by definition, they are not subject to production. OpenText further objects on the grounds that electronic communications are not properly sought in these requests for production.

8.    OpenText objects to the definition of the term "thing" to the extent it seeks to impose obligations beyond, or inconsistent with, those set forth in the Federal Rules of Civil Procedure. OpenText will interpret "thing" consistent with the Federal Rules of Civil Procedure.

9.    OpenText objects to this Definition No. 8 to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The definition improperly seeks to expand OpenText's obligations by purporting to include an indeterminate and virtually unlimited group of persons and entities (such as affiliates, parents, subsidiaries, predecessors, successors, joint-venture partners, and persons or entities "purporting to act" or acting "in concert") without reasonable temporal, functional, or agency limits, and by attempting to attribute possession, custody, or control of documents to OpenText for materials held by

5

separate legal entities or individuals not within OpenText's possession, custody, or control. Without waiving these objections, OpenText will interpret references to any entity narrowly and reasonably, consistent with its status as a non-party under the Federal Rules of Civil Procedure.

10.     OpenText objects to the definitions of "and," "and/or," and "or" to the extent they are overbroad, unduly burdensome, and inconsistent with the Federal Rules of Civil Procedure. The definition improperly mandates the "broadest possible scope" of discovery and seeks to eliminate reasonable, text-based limitations by requiring an expansive construction of "and," "and/or," and "or," thereby attempting to compel production beyond what is relevant, proportional to the needs of the case, or within OpenText's possession, custody, or control. Without waiving these objections, OpenText will construe these terms consistent with the Federal Rules of Civil Procedure and its status as a non-party.

11.     OpenText objects to this definition of the term "any" as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. This definition improperly expands the scope of discovery by requiring the production or identification of all conceivable documents, things or information regardless of relevance, materiality, or reasonable limits. It also attempts to preclude reasonable and appropriate narrowing of Responses. Subject to and without waiving these objections, OpenText will interpret the term "any" reasonably and in accordance with the Federal Rules of Civil Procedure and Local Rules.

12.     OpenText objects to Definition No. 11 to the extent it is overly broad, vague, and improperly expands the scope of discovery beyond what is permitted by Federal Rules of Civil Procedure. This definition attempts to remove reasonable grammatical and substantive limitations by converting singular to plural, imposing all tenses of verbs, and eliminating ordinary interpretive

boundaries, thereby increasing the burden of responding to discovery without a corresponding showing of relevance.

13.     OpenText objects to the definitions of "relating to," "reflecting," "referring to," "concerning," and "evidencing" as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. The definition impermissibly expands the scope of discovery by encompassing virtually any reference, mention, or connection (no matter how remote or tangential) to the subject matter, thereby exceeding the limits of relevance and reasonable particularity required under the Federal Rules of Civil Procedure. Subject to and without waiving these objections, OpenText will interpret these terms reasonably and in accordance with the Federal Rules of Civil Procedure and Local Rules.

14.     OpenText objects to the definition of "Identify" as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. This definition exceeds the requirements of the Federal Rules of Civil Procedure by demanding extensive personal, business, and technical details that may be irrelevant, not reasonably accessible, or unavailable to OpenText.

15.     OpenText objects to the definition of "Identify" to the extent it requires disclosure of private or confidential information (including personal contact information), information not within OpenText's possession, custody, or control, or information protected by privacy rights, or contractual obligations. OpenText also objects to this definition insofar as it seeks detailed technical or product-specific information, not necessary to respond to the requests at issue. Subject to and without waving these objections, OpenText will identify persons, entities, documents, and things in a reasonable manner consistent with the Federal Rules of Civil Procedure and Local Rules.

## GENERAL OBJECTIONS

7

1. OpenText asserts the following General Objections, privileges, and reservations of rights (collectively, the "General Objections"). Each individual response and/or objection to the Topics are subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth in each response.

2. OpenText objects to each and every Topic to the extent that any Topic seeks information and/or documents that are protected by the attorney-client privilege, the work-product doctrine and/or any other applicable legal privilege.

3. OpenText objects to each and every Topic to the extent that any Topic obligates OpenText to seek documents or information from any person or entity other than itself.

4. OpenText objects to each and every Topic to the extent that any Topic seeks information that is not limited in time or scope.

5. OpenText objects to each and every Topic to the extent that any Topic contains undefined or other terminology that is vague, ambiguous or colloquial, insofar as such terminology does not permit it to ascertain the content of the Topic, rendering it unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6. OpenText objects to each and every Topic to the extent any Topic seeks documents or information that is irrelevant to or outside the scope of the issues currently being tried in this case and/or is not calculated to lead to the discovery of admissible evidence.

7. OpenText objects to each and every Topic, to the extent that any Topic seeks documents or information already in Wapp's possession, custody, or control.

8. OpenText objects to each and every Topic to the extent that any Topic seeks information that is readily available through public sources, from sources that are more convenient,

8

less burdensome or less expensive, or from sources that are more readily available to Wapp than to OpenText.

9.    OpenText objects to each and every Topic, to the extent that any Topic contains an express or implied assumption of fact or law with respect to matters at issue in this Lawsuit.

10.    OpenText objects to each and every Topic to the extent that any Topic imposes obligations beyond those provided by the Federal Rules of Civil Procedure and any Local Rule.

11.    OpenText objects to each and every Topic to the extent that any Topic obligates OpenText to obtain all documents and things, when representative documents are sufficiently responsive to the Topic.

12.    OpenText objects to each and every Topic to the extent that any Topic obligates OpenText to seek disclosure of information that violates any Protective Order.

13.    OpenText objects to each and every Topic to the extent any Topic requires OpenText to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.

14.    OpenText objects to each and every Topic to the extent it is cumulative, duplicative, or premature.

15.    Each Response herein is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on the grounds which would require its exclusion or a portion of it to be excluded from evidence.

16.    OpenText reserves the right to supplement its Responses and Objections at any time.

## SPECIFIC OBJECTIONS AND RESPONSES TO SUBPOENA TOPICS

**TOPIC NO. 1:**

The Topics identified above in the "Documents to Produce."

**RESPONSE TO TOPIC NO. 1:**

The foregoing general objections are hereby incorporated by reference. Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

The subpoena is also unduly burdensome because the information purportedly sought through deposition testimony is duplicative of documents and materials already produced or otherwise available, which fully address the relevant subject matter. A deposition would not yield new or unique information and would merely restate or reiterate what is already reflected in existing records. Requiring a non-party to sit for a deposition under these circumstances is unnecessary and not proportional to the needs of the case, as it would only result in the production of cumulative and duplicative information.

The deposition Topic is impermissibly vague and overbroad because they are defined only as the "Topics identified above in the Documents to Produce." Such a formulation provides no clear boundaries, allows for open-ended questioning on an indeterminate range of subjects, and places an unreasonable burden on a non-party to speculate as to the intended scope of testimony.

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 2:**

The identification of any documents or things produced pursuant to this subpoena.

10

**RESPONSE TO TOPIC NO. 2:**

The foregoing general objections are hereby incorporated by reference. Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

The subpoena is also unduly burdensome because the information purportedly sought through deposition testimony is duplicative of documents and materials already produced or otherwise available, which fully address the relevant subject matter. A deposition would not yield new or unique information and would merely restate or reiterate what is already reflected in existing records. Requiring a non-party to sit for a deposition under these circumstances is unnecessary and not proportional to the needs of the case, as it would only result in the production of cumulative and duplicative information. Furthermore, the Topic is vague and ambiguous as it fails to specify what "identification" entails and provides no meaningful scope for testimony. Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 3:**

The authenticity of the documents or things produced pursuant to this subpoena.

**RESPONSE TO TOPIC NO. 3:**

The foregoing general objections are hereby incorporated by reference. Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

The Topic is unduly burdensome and improper as applied to OpenText, as it seeks testimony solely for purposes of document authentication without any showing that authenticity is

11

disputed or that such testimony is necessary. The documents produced in response to the subpoena require no further authentication. Requiring a nonparty witness to appear for deposition solely to authenticate documents is not proportional to the needs of the case and is unnecessary.

Furthermore, the Topic is vague and overbroad because it does not identify any specific document, category of documents, or alleged authenticity issue, and therefore fails to provide sufficient notice to prepare a witness or determine the appropriate scope of testimony.

OpenText objects to this topic to the extent it seeks a legal conclusion regarding the authenticity of documents or things produced pursuant to the subpoena. Issues of authenticity constitute legal conclusions reserved for the Court and are not proper subjects of testimony by a non-party subpoena recipient.

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 4:**

The circumstances under which the documents or things produced pursuant to this subpoena were made and kept, including confirmation or denial that the documents and things produced pursuant to this subpoena were (a) made at or near the time by—or from information transmitted by—someone with knowledge, (b) kept in the regular course of Your business, and (c) made as a regular practice of Your business.

**RESPONSE TO TOPIC NO. 4:**

The foregoing general objections are hereby incorporated by reference. Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

12

Furthermore, OpenText objects to this Topic as vague and overbroad. The subpoena does not identify what time period applies, or which custodians, systems, or processes are implicated. The open-ended request for testimony regarding the "circumstances" under which documents were "made and kept" lacks reasonable particularity and would require OpenText to speculate as to the intended scope of examination.

The information sought is duplicative and cumulative of what is apparent from the documents themselves, including metadata, file properties, and production context. A deposition on these matters would not yield new or unique information and would merely restate what is already reflected in the production.

OpenText also objects to this Topic to the extent it seeks testimony regarding document selection, collection, review, organization, or production decisions, on the grounds that such testimony may implicate attorney-client privilege and/or work-product protections. All such privileges are expressly preserved.

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 5:**

The accuracy and/or trustworthiness of the documents or things produced pursuant to this subpoena.

**RESPONSE TO TOPIC NO. 5:**

The foregoing general objections are hereby incorporated by reference. OpenText is not a party to this litigation and rejects Wapp's request to provide a deponent for Topic No. 5. Nonparties

13

should not be subjected to unnecessary inconvenience, expense, or exposure to litigation tactics according to Federal Rule 45(d)(1).

Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

Requiring OpenText, a nonparty, to testify broadly about the accuracy or reliability of documents would impose an undue burden and not proportional to the needs of the case, potentially necessitating extensive review, investigation, and subjective evaluation of materials already produced. Any marginal relevance of such testimony is outweighed by the burden imposed on OpenText.

Furthermore, OpenText objects to this Topic as vague and overbroad. The subpoena does not identify what is meant by "accuracy" or "trustworthiness," or the standard by which such concepts are to be assessed. The lack of reasonable particularity makes it impossible for OpenText to determine the intended scope of testimony or to prepare an appropriate witness.

OpenText further objects to this Topic because the testimony would be duplicative, cumulative, and unnecessary, and would not provide information beyond what is already apparent from the documents, their metadata, or party testimony. Additionally, the assessment of the accuracy or weight of the documents produced by OpenText is a matter for the parties and the trier of fact.

OpenText objects to this topic to the extent it seeks a legal conclusion regarding the accuracy and/or trustworthiness of documents or things produced pursuant to the subpoena. Such determinations constitute legal conclusions reserved for the Court and are not proper subjects of testimony by a non-party subpoena recipient.

14

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 6:**

Micro Focus's document retention policy.

**RESPONSE TO TOPIC NO. 6:**

The foregoing general objections are hereby incorporated by reference. OpenText is not a party to this litigation and rejects Wapp's request to provide a deponent for Topic No. 6. Nonparties should not be subjected to unnecessary inconvenience, expense, or exposure to litigation tactics according to Federal Rule 45(d)(1).

Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

Furthermore, OpenText objects to this Topic as vague and overbroad. The Topic fails to specify any relevant time period, document categories, custodians, or connection to the claims or defenses in the action. As phrased, it improperly seeks testimony about general corporate policies without reasonable limitations or relevance. Additionally, the undefined reference to "MicroFocus" is impermissibly vague and overbroad, as it could encompass multiple corporate entities, organizational levels, or time periods, leaving the non-party to speculate as to which entity's policies or practices are at issue.

OpenText objects to the Topic "Micro Focus's document retention policy" on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection from discovery. Testimony regarding the formulation, interpretation, modification, or enforcement of document retention policies, particularly as they

relate to legal compliance, preservation obligations, or litigation, would necessarily reflect confidential communications between OpenText and its counsel. All such privileges are expressly preserved.

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

**TOPIC NO. 7:**

Micro Focus's information technology systems that store any document or thing produced in response to this subpoena.

**RESPONSE TO TOPIC NO. 7:**

The foregoing general objections are hereby incorporated by reference. Providing a deponent would impose an undue burden and expense to OpenText, which has no direct interest in the underlying dispute.

OpenText objects to this Topic to the extent it seeks information concerning Micro Focus's information technology systems that store documents or things produced in response to this subpoena, as such information is protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges and protections. Disclosure of details regarding document storage locations, data architecture, collection methodologies, or litigation related preservation or production processes would necessarily reveal confidential communications with counsel and counsel's mental impressions, strategies, and processes undertaken in anticipation of litigation. OpenText further objects that this Topic impermissibly seeks information regarding its internal litigation response and discovery processes, which are not

discoverable and protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges and protections.

General testimony concerning Micro Focus's IT systems is of minimal relevance and is not proportional to the needs of the case, particularly where information regarding specific documents can be obtained from the documents themselves or associated metadata.

Furthermore, OpenText objects to this Topic as vague and overbroad. The undefined reference to "MicroFocus" is impermissibly vague and overbroad, as it could encompass multiple corporate entities, organizational levels, or time periods, leaving OpenText to speculate as to which entity's policies, systems, or practices are at issue.

Subject to the above objections, and per the agreement of counsel for Wapp and OpenText, OpenText responds as follows:

OpenText will not produce a deponent on this topic.

Dated: April 21, 2026                    Respectfully submitted,

                                         */s/ Timothy J. Carroll*
                                         Timothy J. Carroll (Ill. Bar No. 6269515)
                                         **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                         353 N. Clark St., Suite 3600
                                         Chicago, IL 60654
                                         Telephone: 312.924.9800
                                         Facsimile: 312.924.9899
                                         tim.carroll@orrick.com

                                         **ATTORNEYS FOR NONPARTY
                                         OPENTEXT CORP.**

17

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, the foregoing document was served on the following by email:

Leslie Payne                                         lpayne@hpcllp.com
Allan Bullwinkel                                     abullwinkel@hpcllp.com
Alden Harris                                         aharris@hpcllp.com
Blaine Larson                                        blarson@hpcllp.com
Christopher Limbacher                                climbacher@hpcllp.com
Carlos Ruiz                                          cruiz@hpcllp.com
Heim Payne & Chorush LLP
609 Main, Suite 3200
Houston, TX 77002

J. Michael Young                                     myoung@wynnesmithlaw.com
Wynne, Smith & Young, PLLC
707 W. Washington
Sherman, TX 75092

Indranil Mukerji                                     imukerji@cov.com
Brianne Bharkhda                                     bbharkhda@cov.com
Jia Hui Jiang                                        jhjiang@cov.com
John Veiszlemlein                                    jveiszlemlein@cov.com
Matthew Kudzin                                       mkudzin@cov.com
Ranganath Sudarshan                                  rsudarshan@cov.com
Covington & Burling LLP
850 10th Street NW
Washington, DC 20001

Melissa Smith                                        melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 S. Washington Ave.
Marshall, TX 75670

Andrew Gorham                                        tom@gillamsmithlaw.com
Travis Underwood                                     travis@gillamsmithlaw.com
McKellar Karr                                        mckellar@gillamsmithlaw.com
Gillam & Smith, LLP
7232 Crosswater Ave.
Tyler, TX 75703

Bethany Stevens                                      bstevens@wscylaw.com
Hannah Cannom                                        hcannom@wscylaw.com
Walker Stevens Cannom Yang LLP
500 Molino, Suite 118
Los Angeles, CA 90013

18

Michael Bowlus                              mbowlus@cov.com
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105


Matthew Moore                              matthew.moore@lw.com
Adam Greenfield                            adam.greenfield@lw.com
Gabriel Bell                               gabriel.bell@lw.com
Jorge Morales                              jorge.morales@lw.com
Tiffany Weston                             tiffany.weston@lw.com
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004


Brian Kim                                  brian.kim@lw.com
Latham & Watkins LLP
505 Montgomery, Suite 2000
San Francisco, CA 94111


John Svendsen                              john.svendsen@lw.com
William Vieth                              william.vieth@lw.com
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020


Raghav Bajaj                               raghav.bajaj@lw.com
Latham & Watkins
300 Colorado, Suite 2400
Austin, TX 78701


Christa Brown-Sanford                      christa.sanford@bakerbotts.com
Alexis Robison                             alexis.robison@bakerbotts.com
Douglas Kubehl                             doug.kubehl@bakerbotts.com
Emily Deer                                 emily.deer@bakerbotts.com
Morgan Mayne                               morgan.mayne@bakerbotts.com
Baker Botts LLP
2001 Ross Ave., Suite 900
Dallas, TX 75201

                                           */s/ Timothy J. Carroll*
                                           Timothy J. Carroll


19