[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.,** | § | |
| | § | |
| ***Plaintiffs,*** | § | **Case No. 4:25-cv-00230** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | § | |
| | § | [redacted] |
| ***Defendant.*** | § | |

**PLAINTIFFS' MOTION TO COMPEL A SURVEY**

[redacted]

**TABLE OF CONTENTS**


I. Background ........ 7

II. Argument ........ 8

III. Conclusion ........ 9

[redacted]

## TABLE OF AUTHORITIES

**Cases**

*Bell v. Auto. Club of Mich.*,
No. 39309, 1978 U.S. Dist. LEXIS 14815 (E.D. Mich. Oct. 20, 1978) ..................................... 9

*Minneapolis Firefighter's Relief, Ass'n v. Medtronic, Inc.*,
No. 08-6324 PAM/AJB, 2012 U.S. Dist. LEXIS 200351 (D. Minn. Jan. 19, 2012).................. 9

[redacted]

Wapp moves to compel Apple to conduct a focused survey of its app developers to address Apple's changing interrogatory answers regarding their infringing use of Wapp's patents. Apple's interrogatory answers originally admitted [redacted] But on the eve of 30(b)(6) depositions Apple tried to walk back its admissions by amending its answers. Apple has no coherent justification for retracting its admissions. A survey will clear up the confusion that Apple is attempting to create.

Wapp moved to compel a developer survey in June, before Apple had started changing its interrogatory answers. The Court held a hearing on June 8, 2026. At the hearing, Apple made a series of false statements about the source of its interrogatory answers. First, Apple misrepresented to the Court that it had already conducted a "survey":

> I would like to talk the Court through the different work streams we've been busy with for the last several months trying to answer these survey questions, including ***we have conducted a survey***.

Ex. D at 6:19-22.[1] Next, Apple falsely claimed [redacted]:

> Apple [redacted] a lot of these questions already.

*Id.* at 10:15-19. Apple also told the Court [redacted]:

> [redacted]

[1] All emphases added and objections omitted unless otherwise noted.

[redacted]

*Id.* at 11:13-17; 20:15-18; 21:14-16. Apple said it was not playing games and had nothing to hide:

> We have been earnest and upright and forthright about the answers we've provided. … So they have the answer. It's – there's nothing to hide. They know these tools are used. They've got the deponents. [redacted]

*Id.* at 14:5-13. The Court denied the motion without prejudice, but granted Wapp leave to file a written motion to compel a survey on an expedited basis. *Id.* at 22:8-17. This is that motion.

Apple's statements at the hearing were false. Apple never conducted a survey.[2] Apple does not have [redacted].[3] And despite [redacted] Apple has repeatedly and inexplicably walked back those "best" answers on the eve of depositions.

The backpedaling began on June 26 when Apple served amended responses to interrogatories 4-8 regarding [redacted] a few days before the June 30 deposition of Albert Costa, Apple's 30(b)(6) witness [redacted]. Ex. E (6th Supp Rog Responses). Apple's answers to interrogatories 4-8 previously stated [redacted] *Id.* at 29, 33, 37, 43, 48. For interrogatories 4-6, Apple's new answers now state each accused feature [redacted] *Id.* at 30, 35, 40. For interrogatories 7 and 8, the new answers

---

[2] For example, in responding to Wapp's 30(b)(6) topic 6 "Any survey conducted for this Litigation," Apple stated "***Apple did not collect survey responses***. Accordingly, Apple will not make any witness available for this topic." Ex. J at 17.

[3] For example, in responding to each of Interrogatories Nos. 2-9, whenever Apple denies using a particular accused feature when developing a particular app it always qualifies that denial by stating [redacted] *See, e.g.*, Ex. E at 18.

[redacted]

now state [redacted] *Id.* at 44-45, 49. This is a clear attempt by Apple to take back [redacted] Moreover, Apple's explanation for the changes does not make sense:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. F at 144:12-13; 144:16-21; 145:22-146:11; 147:23-148:2; 148:8-9; 150:3-13. [redacted] *Id.* at 119:9-12 [redacted] *Id.* at 67:13 [redacted]; *Id.* at 69:15-17 [redacted].

The backpedaling continued on July 6, when Apple changed its response to interrogatory no. 6 [redacted] a few days before the July 8 deposition of Charles Ying [redacted]. *Compare* Ex. E at 37 [redacted] *with id.* at 40 [redacted]

[redacted]

[redacted] Ex. G [redacted] at 123:11-15; 125:22-126:2 [redacted] *Id.* at1 127:3-128:3. [redacted] *Id.* at 129:1-6; 130:14-18. [redacted] *Id.* at 70:19-71:7.

Apple yet again walked back its answer to interrogatory no. 8 on July 9, the day before the July 10 deposition of Stephen Lottermoser regarding [redacted]. Ex. E at 48, 51 [redacted] Ex. H at 153:18-20. [redacted] *Id.* at 158:13-159:5 [redacted]; *see also id.* at 12:20-13:1 [redacted]

---

[4] [redacted] *See* Ex. G at 14:9-11, 61:14-22, 62:18-22.

[redacted]

*Id.* at 159:19-160:2 [redacted]

[redacted]

[redacted]

Ex. H at 160:5-13;160:22-25; 161:15-16.

Apple 's eleventh-hour reversals are nothing more than an attempt to hide the infringing use it initially admitted to. These untimely amendments justify—in fact, compel—a survey of the Maps, Safari, and Messages teams focused on the changed interrogatory responses.[5] A copy of that survey is attached as Exhibits A-C. A survey would be warranted even if Apple had not changed its interrogatory answers—every prior bank defendant conducted a survey of hundreds of developers, and the Court previously ordered Capital One to conduct a survey of 150 developers in this case. *See* April 2, 2026 Minute Entry ("the Court directed defendant to survey 150 of the developers selected by Plaintiffs"). Here a survey is even more justified given Apple's shifting answers and false representations about the sources of those answers. Apple did not conduct a

[5] Wapp reserves the right to request a broader survey if Apple continues changing its interrogatory responses.

[redacted]

survey or [redacted]. Instead, [redacted] *See* Ex. H at 160:5-13 [redacted]. A survey is the most direct path to the truth.

## I. BACKGROUND

Wapp accuses Apple of infringing by ***using*** the asserted claims to develop and test mobile apps, including Maps, Safari, and Messages.[6] To prove infringement, Wapp needs to show that Apple's employees use the claimed features when developing and testing the mobile apps.

In Wapp's prior lawsuits against the bank defendants, Wapp also asserted infringement via use. Like Apple, each bank used the accused features to develop their mobile apps. Wapp moved to compel Bank of America to conduct a survey, and the Court ordered the parties to meet and confer, noting the Court "probably will go down the path of allowing the survey." Ex. I at 15:24-25. After that hearing, Bank of America agreed to conduct a survey, and administered a 40 question survey to over 300 of its app developers. Similarly, Chase voluntarily administered a 136 question survey to over 450 of its app developers.

In this lawsuit, Wapp also asserted infringement via use against Apple's co-defendant Capital One. Wapp moved to compel Capital One to conduct a survey, and the Court granted the motion, ordering Capital One to administer a 43-question survey to 150 app developers. *See* April 2, 2026 Minute Entry.

[6] Wapp also accuses Apple of infringing by making, selling, and offering for sale Xcode.

[redacted]

## II. ARGUMENT

Wapp originally believed Apple should conduct a survey similar in scope to the ones conducted by the prior bank defendants. Wapp has narrowed its request considerably. Now Wapp only moves to compel Apple to survey its developers on a small subset of questions related to the changed interrogatory responses.

Wapp's focused survey asks four questions of the 85 Maps developers[7] (Ex. A), eight questions of the 338 Safari developers (Ex. B), and four questions of the 455 Messages developers (Ex. C). This is comparable in scale and scope to the survey the Court already compelled Capital One to conduct. Capital One's survey would have required Capital One to collect a total of 6,450 survey answers (43 questions times 150 developers) for one mobile application. Here, the total number of survey answers is 4,188[8] spanning three of Apple's 60+ applications that are included by default on iPhones and iPads. This is also far fewer survey answers than Bank of America or Chase collected (at least 12,000 answers and at least 61,000 answers, respectively). The burden is minimal, and is justified by Apple's shifting discovery responses and failure to query significant teams working on these applications.

As discussed above, a survey is even more warranted here than it was for the bank defendants. Unlike those defendants, Apple has changed its interrogatory answers after representing to the Court that it had already given its "best" answers and had conducted a supposedly extensive investigation. A survey will give Wapp a fair opportunity to cross-examine Apple's changed responses and will shed light on which of the responses is more accurate. The

---

[7] There are 88 Maps developers, but [redacted]

[8] $4\times85 + 6\times338 + 4\times455 = 4{,}188$.

[redacted]

proposed survey targets the developers [redacted].

The Court has the power to compel a survey, and should do so here. Ex. *See* April 2, 2026 Minute Entry (ordering Capital One to conduct a survey of app developers); Ex. I (BoA Hr. Tr.) at 15:8-9, 15:24-25 ("the Court has wide discretion in crafting remedies … the Court will evaluate that and probably will go down the path of allowing the survey"); *see also Minneapolis Firefighter's Relief, Ass'n v. Medtronic, Inc.*, No. 08-6324 PAM/AJB, 2012 U.S. Dist. LEXIS 200351, at *11-12 (D. Minn. Jan. 19, 2012) (ordering the parties to create a questionnaire to use to survey a large number of relevant employees and reduce the burden of obtaining traditional discovery); *see also Bell v. Auto. Club of Mich.*, No. 39309, 1978 U.S. Dist. LEXIS 14815, at *2 (E.D. Mich. Oct. 20, 1978).

## III. CONCLUSION

Wapp respectfully requests the Court order Apple to administer the survey attached as Exhibits A-C and produce the results to Wapp.

[redacted]

DATED: July 16, 2026

Respectfully submitted,

By: */s/ Alden G. Harris*

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Alden G. Harris
State Bar No. 24083138
aharris@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
Carlos I. Ruiz
State Bar No. 24110614
cruiz@hpcllp.com
Blaine A. Larson
State Bar No. 24083360
blarson@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

J. Michael Young
WYNNE, SMITH & YOUNG, PLLC
State Bar No. 00786465
707 W. Washington
Sherman, Texas 75092
(909) 893-8177
(903) 892-0916 (fax)
E-mail: myoung@wynnesmithlaw.com

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.**

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on July 16, 2026.

*/s/ Alden G. Harris*
Alden G. Harris

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that Wapp and Apple conducted a lead and local meet and confer. As described in the Motion above, the parties are at an impasse. The Court previously held a hearing on this issue; at the hearing, the Court authorized Wapp to file this Motion. Ex. D at 22:8-17.

*/s/ Alden G. Harris*
Alden G. Harris

[redacted]

[redacted]